IN RE: GEORGE A. GUESS, M.D., RESPONDENT

No. 8710SC618

(Filed 19 April 1988)

**Physicians, Surgeons and Allied Professions § 7— Board of Medical Examiners reviewed by superior court—appeal to Supreme Court**

    Where any decision of the Board of Medical Examiners is reviewed by the superior court, appeal must be taken to the Supreme Court rather than to the Court of Appeals. N.C.G.S. § 90-14.11.

APPEAL by petitioner Board of Medical Examiners of the State of North Carolina from *Farmer, Judge.* Order entered 20

May 1987 in Superior Court, WAKE County. Heard in the Court of Appeals 8 December 1987.

*Smith, Anderson, Blount, Dorsett, Mitchell & Jernigan, by Michael E. Weddington and Susan M. Parker, for petitioner appellant.*

*Manning, Fulton & Skinner, by Howard E. Manning, Jr., for respondent appellee.*

PHILLIPS, Judge.

G.S. 90-14(a) authorizes the Board of Medical Examiners of the State of North Carolina to suspend or revoke licenses to practice medicine in this State for several activities or practices deemed to be improper, one of which is—

(6) Unprofessional conduct, including, but not limited to, any departure from, or the failure to conform to, the standards of acceptable and prevailing medical practice, or the ethics of the medical profession, irrespective of whether or not a patient is injured thereby, . . .

Proceeding under this provision the Board charged Dr. George Albert Guess, a family medicine specialist practicing in Asheville, of unprofessional conduct in that he customarily treated his patients with preparations known generally as "homeopathic medicines," a practice not in accord with the standards of acceptable and prevailing medical practice in this State. Following a hearing in which both parties presented evidence the Board found and concluded that the charge had been established and conditionally revoked his license to practice; but in doing so no finding was made that the homeopathic medicines admittedly administered by Dr. Guess either injured or threatened to injure any of his patients and no evidence that would have warranted such a finding is recorded. Upon appeal to the Superior Court the Board's order was reversed and vacated and the Board appealed to this Court.

Since "[t]he State can only regulate for the protection of the public," *State v. McKnight*, 131 N.C. 717, 724, 42 S.E. 580, 582 (1902), one of the questions raised by the record, though not by the appealing Board, is—Can the Board of Medical Examiners validly suspend or revoke the license of a physician to practice his profession for merely departing from the standards of acceptable

and prevailing medical practice in this State or must the departure have endangered the public by exposing his patients to harm? But neither this nor any other question raised by the appeal can be determined by us because, though overlooked by the parties, this Court has no jurisdiction over it. For in 1953, the General Assembly provided by G.S. 90-14.11 that upon any decision of the Board of Medical Examiners being reviewed by the Superior Court appeal could be taken "to the Supreme Court . . . under rules of procedure applicable in other civil cases," and this statute, which has not been directly or indirectly amended or repealed, is still in force.

Though repeal by implication is not favored by our law and ordinarily a statute applicable only to a specific entity is not repealed by a later statute of general application, 12 Strong's N.C. Index 3d, *Statutes* Secs. 11.1 and 11.2 (1978), since the Supreme Court was our only appellate court before Chapter 7A of the General Statutes became effective in 1967, we have considered the possibility that in creating this Court and requiring most appeals from the trial division since then to come here, *see* G.S. 7A-27(b), the General Assembly intended to amend or repeal G.S. 90-14.11. But that the General Assembly did not so intend is plainly indicated by the fact that two years after this Court began receiving appeals they enacted Sections 55, 61, 63, 64, 65, 66 and 67, Chapter 44 of the 1969 Session Laws, which had the effect of making this Court, instead of the Supreme Court, the appellate court of first resort in several situations similar to that involved here; enactments that would have been unnecessary if the same thing had already been accomplished by Chapter 7A. Nor was the Supreme Court's jurisdiction of this appeal ousted by the enactment of the Administrative Procedure Act, since its judicial review article does not apply to cases in which "adequate procedure for judicial review is provided by another statute." G.S. 150B-43. Furthermore, eleven years after this Court was organized our Supreme Court accepted an appeal directly from the Superior Court in a similar license revocation proceeding initiated by the Board of Medical Examiners pursuant to G.S. 90-14(a). *See In re Wilkins*, 294 N.C. 528, 242 S.E. 2d 829 (1978).

Since no statute of which we are aware authorizes us to consider the appeal, we dismiss it.

Appeal dismissed.

Judges WELLS and PARKER concur.