GLASGOW, INC., a corporation,
Plaintiff,

v.

Stephen S. NOETZEL and Marilyn B.
Noetzel, Defendant.

Civ. A. No. 81–2114.

United States District Court,
S.D. West Virginia,
Charleston Division.

Feb. 2, 1983.

Herbert G. Underwood, Clarksburg, W.Va., for plaintiff.

Jack W. DeBolt, Charleston, W.Va., for defendants.

## MEMORANDUM ORDER

COPENHAVER, District Judge.

This matter is before the court on defendants' motion for summary judgment in the above-styled civil action. The record before the court consists of various affidavits and exhibits filed by the parties as well as the pleadings.

### I.

This action derives from proceedings had in the Circuit Court of Kanawha County, West Virginia, in which the present defendants brought an action against the present plaintiff, a Pennsylvania corporation, for damages allegedly suffered as the result of a motor vehicle accident. The complaint in that action was filed on or about June 13, 1979. When Glasgow did not appear or otherwise defend the action in circuit court, the Noetzels, on August 13, 1979, obtained a

default judgment against it as to liability pursuant to Rule 55(b)(2) of the West Virginia Rules of Civil Procedure. A jury, empanelled to determine damages, rendered a verdict in favor of both Noetzels in the amount of $300,000.00 and judgment was entered accordingly on June 25, 1980.

Glasgow had no notice of either the default judgment or of the empanelling of the jury. According to affidavits filed by Glasgow, process was served on its statutory agent in West Virginia, who forwarded a copy to Glasgow's attorney in Philadelphia, Pennsylvania. A copy was also to be sent by the agent to Glasgow's corporate secretary. The attorney believed, based on a telephone conversation with the corporate secretary, that the secretary had received notice of the Noetzel action but apparently the notice to which reference was made by the corporate secretary in the conversation was of another personal injury case filed about the same time, also in Kanawha County Circuit Court. This latter action was turned over by the corporate secretary to Glasgow's insurance carrier for defense. The affidavit of Glasgow's attorney states that he never received notice of the latter action and the corporate secretary never received notice of the Noetzel action. The Noetzel action was not turned over to the insurance carrier for defense, although the attorney believed, based on his conversation

with the corporate secretary, that it had been. Some eight months after the judgments in the Noetzel action were entered, the Noetzels caused a writ of execution to be issued and a notice of suggestion served on the holder of funds owing to the defendant. Thereafter, on or about March 12, 1981, Glasgow learned, through the suggestee, of the judgments entered against it.

On March 16, 1981, an order was entered in the Circuit Court of Kanawha County directing that the suggestee, the West Virginia Department of Highways, pay to the Noetzels the sum of $92,543.11.[1] This amount has been delivered to the Noetzels. The defendants thereupon filed a motion for a preliminary injunction and for relief from judgment in the Circuit Court of Kanawha County. See W.Va.R.Civ.P. 55(c), 60(b). By order entered on April 9, 1981,[2] the Circuit Court denied the relief sought, *nunc pro tunc* as of March 23, 1981, finding that there was no deficiency in service of original process on Glasgow and that its agent actually received the original process; that by virtue of its failure to appear, the defendant was not entitled to further notice;[3] that Glasgow had failed to support its claim of fraud or mistake; that the other grounds asserted were untimely by virtue of the eight-month requirement of W.Va.R. Civ.P. 60(b);[4] and that in general Glasgow

1. Memorandum of Law of Glasgow, Inc., in Opposition to Defendants' Motion for Summary Judgment, Exhibit V.

2. *Id.,* Exhibit IX.

3. *See* W.Va.R.Civ.P. 5(a).

4. W.Va.R.Civ.P. 60(b) provides as follows:
   On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons: (1) Mistake, inadvertence, surprise, excusable neglect, or unavoidable cause; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been

reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2), (3), and (6) not more than eight months after the judgment, order, or proceeding was entered or taken. A motion under this subdivision (b) does not affect the finality of a judgment or suspend its operation. This rule does not limit the power of a court to entertain an independent action to relieve a party from a judgment, order, or proceeding, or to grant statutory relief in the same action to a defendant not served with a summons in that action, or to set aside a judgment for fraud upon the court. Writs of coram nobis, coram vobis, petitions for rehearing, bills of review and bills in the nature of a bill of review, are abolished, and the procedure for obtaining any relief from a judgment shall be by motion as prescribed in these rules or by an independent action.

had asserted no factual or legal basis to substantiate a claim for relief. The record does not indicate that this order was ever appealed.[5]

In its complaint in this court, filed April 7, 1981, plaintiff seeks declaratory and injunctive relief, predicating jurisdiction on 28 U.S.C. § 1331 and asserting that W.Va. Rule 55(b)(2) is unconstitutional on its face and as applied as a denial of the due process rights of notice and an opportunity to be heard. With respect to this contention, it notes that a party taking default can conceal the judgment by not executing on it until after the time period specified in W.Va. Rule 60(b) for motions to set aside on certain grounds has passed. Plaintiff demands a declaration that Rule 55(b) is unconstitutional and unenforceable and that the judgment of the Circuit Court of Kanawha County is violative of the Fourteenth Amendment. It also seeks an injunction against execution or enforcement of the state court judgment by the defendants. Although plaintiff's due process claim is an appealing one from the standpoint of fundamental fairness, the plaintiff ought to have pressed its constitutional and related claims through the state court system, including exhaustion of appellate remedies. Having failed so to do, it is for reasons below noted inappropriate for this court to grant the relief which plaintiff now seeks.

## II.

Defendants' motion for summary judgment goes to the merits of plaintiff's constitutional claim. However, in order to rule on such a claim, the court must have jurisdiction over it and the power to grant the relief sought. Based on the record presented, the court concludes that it does not have jurisdiction to grant the relief sought and this action should therefore be dismissed. Fed.R.Civ.P. 12(h)(3).

The Noetzels initiated proceedings in state court and a state court entered judgment in that action. Glasgow's complaint, in effect, asks this court to intervene and decide a constitutional question in a collateral attack seeking stay of a state court judgment.

Congress has explicitly limited the instances in which federal district courts may stay proceedings in a state court.

> A court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments.

28 U.S.C. § 2283. In *Toucey v. New York Life Insurance Co.,* 314 U.S. 118, 135, 62 S.Ct. 139, 144, 86 L.Ed. 100 (1941), Justice Frankfurter stated that the purpose of the anti-injunction statute as originally enacted was to prevent "intrusion of federal authority into the orderly functioning of a state's judicial process." In a later opinion, the Court held that the statute is not limited to pending proceedings: "[I]t is settled that the ... prohibition of § 2283 cannot be evaded by addressing the order to the parties or prohibiting utilization of the result of a completed state proceeding." *Atlantic Coast Line R.R. v. Brotherhood of Locomotive Engineers,* 398 U.S. 281, 287, 90 S.Ct. 1739, 1743, 26 L.Ed.2d 234 (1970).[6] This

---

5. Counsel for the plaintiff represented to the court at a status conference held on October 14, 1982, that it had not appealed this order and that an application to the West Virginia Supreme Court for a writ of prohibition with respect to issuance of execution had been denied. Counsel for the defendant represented to the court that grounds similar to those presented in plaintiff's complaint here had been raised in a motion to vacate certification of the West Virginia judgment in Pennsylvania and rejected by a Pennsylvania court, which granted the judgment full faith and credit.

6. In a sense these proceedings are still pending in state court in that the plaintiff seeks to enjoin the process available to the defendants to execute on or enforce the judgment against it. *See Vendo Co. v. Lektro-Vend Corp.,* 433 U.S. 623, 97 S.Ct. 2881, 53 L.Ed.2d 1009 (1977) (§ 2283 prohibits district court from issuing injunction against collection of judgment rendered in state court); *Hill v. Martin,* 296 U.S. 393, 56 S.Ct. 278, 80 L.Ed. 293 (1935) (prohibition of anti-injunction statute embraces all steps that may be taken in a state court to collect a judgment, including execution and ancillary proceedings).

court is therefore without jurisdiction to grant the relief sought unless some exception exists to the plain import of section 2283.

Plaintiff might argue that an injunction is necessary in aid of this court's jurisdiction on the premise that this is an independent action to set aside a state court judgment or to restrain its enforcement. *See* Fed.R.Civ.P. 60(b). However, in *Atlantic Coast Line, supra,* at 294–96, 90 S.Ct. at 1746–47, the Court held that even if the federal court had jurisdiction over the complaint, based on federal law, it could not ignore § 2283 merely because a protected federal right was involved. The Fifth Circuit in *Warriner v. Fink,* 307 F.2d 933, 936 (5th Cir.1962), *cert. denied,* 372 U.S. 943, 83 S.Ct. 937, 9 L.Ed.2d 969 (1963), rejected a similar argument in a case in which plaintiff claimed that a state court decree of foreclosure should be declared null and void on constitutional grounds and its enforcement enjoined. The court based its holding on 28 U.S.C. § 2283, and Supreme Court and circuit court decisions interpreting that section. *See also* 11 Wright and Miller, *Federal Practice and Procedure,* § 2838, 245. *Cf. Lynch v. Household Finance Corp.,* 405 U.S. 538, 92 S.Ct. 1113, 31 L.Ed.2d 424 (1972) (prejudgment garnishment proceedings not within the scope of § 2283 because no judicial order or court participation therein).

Some cases have held that a federal court may issue an injunction, as being in aid of its jurisdiction or protecting its judgment, in independent, equitable Fed.R.Civ.P. 60(b) actions in which a state court judgment is sought to be set aside on grounds of fraud. *See* 7 *Moore's Federal Practice,* § 60.39(2), 659. *But see* § 60.36, 604 (authority questioned). The Fourth Circuit in *Wohl v. Keene,* 476 F.2d 171 (4th Cir.1973), held, without discussing the anti-injunction statute, that it was proper for a district court to exercise its equitable powers in an independent action seeking a declaratory judgment that a state court decree should be set aside on the grounds of fraud. This action, however, is not one grounded on fraud. Moreover, unlike the plaintiff in *Wohl,* Glasgow,

as already noted, has invoked the state court remedy provided by W.Va.R.Civ.P. 60(b) on grounds, *inter alia,* of fraud, all of which were resolved adversely to plaintiff in the state court. Indeed, there is authority for the proposition that where such a remedy is available and it is plain, adequate and complete, a district court, under the principles of comity and federalism, should refrain from exercising jurisdiction to entertain an independent action for relief from a state court judgment. *See* 7 *Moore's Federal Practice,* § 60.37(3), 638; § 60.39(2), 658; 11 Wright and Miller, *Federal Practice and Procedure,* § 2868, 245.

It is plain enough from this analysis that the styling of plaintiff's demand for relief as declaratory rather than injunctive does not confer jurisdiction to grant the relief sought which is otherwise lacking. A declaration of unconstitutionality at this stage of the state court proceedings would have the same effect as an injunction. *See Furnish v. Board of Medical Examiners of California,* 257 F.2d 520, 522–23 (9th Cir.), *cert. denied,* 358 U.S. 882, 79 S.Ct. 123, 3 L.Ed.2d 111 (1958); *Thiokol Chemical Corp. v. Burlington Industries, Inc.,* 448 F.2d 1328 (3rd Cir.1971); 1A *Moore's Federal Practice* § 0.220, 2387–90.

■ There is a further bar to this court's adjudication of plaintiff's complaint. Where an attack is made on a state court judgment indirectly, a federal court is bound by the full faith and credit clause of 28 U.S.C. § 1738 and the principles of res judicata. *See Moore v. Bonner,* 695 F.2d 799 at 800 (4th Cir.1982); *Kremer v. Chemical Construction Corp.,* 456 U.S. 461, 466, 102 S.Ct. 1883, 1889 and n. 6, 72 L.Ed.2d 262 (1982). "Section 1738 requires federal courts to give the same preclusive effect to state court judgments that those judgments would be given in the courts of the state from which the judgment emerged." *Kremer,* 102 S.Ct. at 1889. The courts of West Virginia give preclusive or res judicata effect to a judgment on the merits where there is identity in the cause of action and in the parties not only as to issues which

were actually raised but also as to those which could have been raised in the prior litigation. *White v. SWCC,* W.Va., 262 S.E.2d 752 (1980); *Axelrod v. Premier Photo Service, Inc.,* 154 W.Va. 137, 173 S.E.2d 383 (1970). W.Va.R.Civ.P. 60(b)[7] allows a party to seek relief from a judgment on the grounds that it is void. Such relief may be sought by motion within a reasonable time and is not governed by the eight-month limitation period which Glasgow asserts had expired before it got notice following the issuance of execution. Embraced within the ambit of Rule 60(b)(4) are those judgments which are void by reason of a lack of due process. *See* 11 Wright and Miller, *Federal Practice and Procedure,* § 2862. Glasgow could thus have raised its constitutional claim in the courts of West Virginia when it sought relief from the default judgment there.[8] Indeed, plaintiff had several avenues for testing the constitutionality of the default judgment in state court, including an independent action. Ultimately, it could seek review in the United States Supreme Court under 28 U.S.C. § 1257. *See Atlantic Coast Line Railroad Co. v. Brotherhood of Locomotive Engineers,* 398 U.S. 281, 296–97, 90 S.Ct. 1739, 1747–48, 26 L.Ed.2d 234 (1970); *Warriner v. Fink,* 307 F.2d 933, 936 (5th Cir.1962), *cert. denied,* 372 U.S. 943, 83 S.Ct. 937, 9 L.Ed.2d 969 (1963).[9] Moreover, should the state court have decided that the judgment ought to have been set aside on state law grounds, the constitutional issue would have become moot. *See Cordell v. Jarrett,* 301 S.E.2d 227 (W.Va.1982).

Accordingly, the prior judgment of the state court precludes this court from considering Glasgow's constitutional claim.

### III.

It is, therefore, ORDERED that the above-styled civil action be, and it hereby is, dismissed.

There being nothing further for disposition in this action, the Clerk is directed to strike it from the docket of the court.

---

**7.** *See* note 4, *supra.*

**8.** Glasgow also sought relief through a writ of prohibition.

**9.** A district court cannot sit as an appellate tribunal to reverse or modify a state court judgment. *Rooker v. Fidelity Trust,* 263 U.S. 413, 44 S.Ct. 149, 68 L.Ed. 362 (1923).