897 F.2d 734
 NATIONWIDE MUTUAL INSURANCE COMPANY, Plaintiff-Appellee,
v.
Haskell BURKE, Defendant-Appellant,
Walter E. Hamilton; Joan A. Hamilton, Appellants.
NATIONWIDE MUTUAL INSURANCE COMPANY, Plaintiff-Appellant,
v.
Haskell BURKE, Defendant-Appellee,
Walter E. Hamilton; Joan A. Hamilton, Appellees.
 Nos. 89-2016, 89-2171.
 United States Court of Appeals,
Fourth Circuit.
 Argued Dec. 6, 1989.
Decided March 5, 1990.
 
 John Frederick Cyrus, Lockwood, Egnor, Gardner & Cyrus (argued), Menis E. Ketchum, Greene, Ketchum, Bailey & Tweel, on briefs, Huntington, W.Va., for appellants.
 Mary Hylton Sanders, Huddleston, Bolen, Beatty, Porter & Copen, Charleston, W.Va., for appellee.
 Before RUSSELL, PHILLIPS and MURNAGHAN, Circuit Judges.
 PHILLIPS, Circuit Judge:
 
 
 1
 These are consolidated appeals arising from a declaratory judgment action by Nationwide Mutual Insurance Company (Nationwide) seeking a declaration of non-coverage with respect to a tort action brought in West Virginia state court against Nationwide's insured, Haskell Burke, by Joan A. Hamilton and the executor of the estate of David L. Hamilton (the Hamiltons). Burke appeals the district court's declaratory judgment that Nationwide was not liable to defend or to indemnify him in connection with the state court action. Nationwide appeals the district court's denial of its post-judgment motion to stay state court proceedings to enforce an agreement settling the state tort action during pendency of the federal declaratory judgment action, and the denial of its motion for Rule 11 and contempt sanctions against the Hamiltons' attorney. The Hamiltons appeal the district court's denial of their motion to intervene in the federal declaratory judgment action.
 
 
 2
 We affirm the district court's refusal to stay the state court proceedings to enforce the settlement agreement and its denial of Rule 11 and contempt sanctions. Concluding that the declaratory judgment action and the related motions to intervene are now moot, we remand the action for dismissal without prejudice.
 
 
 3
 * Haskell Burke was a passenger in an automobile owned and operated by John Harper when the automobile collided with the Hamiltons' automobile, instantly killing Mr. Hamilton and severely injuring Mrs. Hamilton. The Hamiltons sued Burke in a West Virginia state court, alleging Burke's liability as a passenger under Price v. Halstead, 355 S.E.2d 380 (W.Va.1987), which established passenger liability for injuries to third parties where the passenger's conduct substantially encouraged or assisted the driver's alcohol or drug impairment and where such impairment caused the injury to the third party. Evidence showed that Burke had been instrumental in Harper's marijuana and alcohol intoxication.
 
 
 4
 Although Burke was judgment-proof, he was insured under a Nationwide insurance policy which provided coverage for, inter alia, personal injuries arising from Burke's "use" of another person's motor vehicle. Nationwide brought this federal declaratory judgment action against Burke seeking a declaration that, because Burke was a passenger, the accident did not arise from Burke's "use" of Harper's automobile, and that therefore, by the terms of the contract, Nationwide was required neither to defend nor indemnify Burke in the underlying state tort action between Burke and the Hamiltons. The district court denied the Hamiltons' motion to intervene under Fed.R.Civ.P. 19 in the federal declaratory judgment action.
 
 
 5
 Settlement negotiations during the pendency of the state tort action and the federal declaratory judgment action culminated in the following offer by Nationwide: Nationwide would pay the Hamiltons $100,000 and dismiss the federal declaratory judgment action against Burke, in return for which the Hamiltons would dismiss their state claims against Burke. While the Nationwide offer was being considered by the Hamiltons and before any acceptance had been communicated, the district court entered judgment in favor of Nationwide, declaring it not liable to defend or indemnify Burke. By some means that remain disputed the Hamiltons' attorney, John Cyrus, learned of the judgment's entry either just before or after it occurred. Quickly notifying his clients of this development, Cyrus obtained authorization to communicate their acceptance of the Nationwide offer. This he proceeded to do on the same day the judgment was entered, without advising Nationwide's attorney, who was unaware of the fact, that the judgment had been entered. Upon soon learning of this development, Nationwide advised the Hamiltons that it considered the offer automatically revoked by entry of the declaratory judgment so that their "acceptance" was without legal effect. The Hamiltons then moved in the state tort action for enforcement of the agreement. Following a hearing which, for unclear reasons, Nationwide's attorney declined to attend, the state court ruled that the agreement was valid and enforceable despite the Hamiltons' acceptance only after entry of the federal court order and accordingly granted the Hamiltons' motion. In response, Nationwide moved in the federal declaratory judgment action for a "stay of" and "protective order" against state court enforcement of the settlement agreement, for Rule 11 and contempt sanctions against Cyrus, and for a declaration that the settlement offer was void. The district court, holding that it lacked jurisdiction to grant any of the requested relief, denied Nationwide's various motions.
 
 These appeals and cross appeals followed.[1]
 II
 
 6
 We first consider Nationwide's challenge to the district court's conclusion that it lacked jurisdiction to stay or otherwise interfere with the state court proceedings for enforcement of the settlement agreement. Nationwide's argument for federal jurisdiction appears to have three prongs: first, that the district court, and now this court, may directly review the state court's failure to give the proper preclusive effect to the federal declaratory judgment; second, that the federal district court had power to stay the state court proceeding to enforce the settlement agreement under the relitigation exception to the Anti-Injunction Act, 28 U.S.C. Sec. 2283;[2] third, that because the state court lacked jurisdiction over Nationwide in adjudicating the settlement agreement, the resulting denial of due process gives rise to federal jurisdiction to invalidate the state order.
 
 
 7
 * To the extent that Nationwide has sought, either from this court or from the district court, direct appellate review of the state court's failure to apply collateral estoppel in ruling on enforceability of the settlement agreement, both this court and the district court simply lack jurisdiction to do so. See Atlantic Coast Line R.R. v. Brotherhood of Locomotive Eng'rs, 398 U.S. 281, 296, 90 S.Ct. 1739, 1748, 26 L.Ed.2d 234 (1969) ("lower federal courts possess no power whatever to sit in direct review of state court decisions"). Cf. Rooker v. Fidelity Trust, 263 U.S. 413, 416, 44 S.Ct. 149, 150, 68 L.Ed. 362 (1923) (a district court cannot sit as an appellate tribunal to reverse or modify a state court judgment). Correction by appellate review of any erroneous state court application of collateral estoppel principles must be sought from the courts of West Virginia.[3]
 
 B
 
 8
 Nationwide's specific contention that the district court had jurisdiction, under Sec. 2283's relitigation exception, to entertain its claims for relief against the state court enforcement proceedings is equally unavailing.
 
 
 9
 Before a federal court may enjoin a state court proceeding, the injunction must be based upon one of Sec. 2283's three narrow exceptions. See Atlantic Coast Line, 398 U.S. at 286, 90 S.Ct. at 1742. Notions of comity require that these exceptions not be enlarged by loose statutory construction. See id. Section 2283's relitigation exception allows federal courts, as an exercise of their discretion, to enjoin state court proceedings in order to protect the res judicata effects of federal judgments. See Golden v. Pacific Maritime Ass'n, 786 F.2d 1425, 1427 (9th Cir.1986). The relitigation exception applies, not only when the federal judgment is claim preclusive but also when collateral estoppel or issue preclusion applies. See Samuel C. Ennis & Co. v. Woodmar Realty, 542 F.2d 45, 49 (7th Cir.1976). Nevertheless, the federal court must actually have decided the claims or issues which the federal injunction would insulate from state proceedings. See Chick Kam Choo v. Exxon Corp., 486 U.S. 140, 108 S.Ct. 1684, 1690, 100 L.Ed.2d 127 (1988). A complainant who seeks to invoke Sec. 2283's relitigation exception must make a " 'strong and unequivocal showing' of relitigation of the same issue." Bluefield Community Hosp. v. Anziulewicz, 737 F.2d 405, 408 (4th Cir.1984) (quoting Regional Properties v. Financial and Real Estate Consulting Co., 678 F.2d 552, 566 (5th Cir.1982).
 
 
 10
 Nationwide contends that the federal declaratory judgment, which found Nationwide not liable to defend or indemnify under Burke's insurance policy, precluded state court adjudication of the issue of the settlement agreement's validity. Accordingly, argues Nationwide, in refusing to apply Sec. 2283's relitigation exception to enjoin the state proceeding enforcing the settlement, the district court abused its discretion by failing to give the proper preclusive effect to the issue of Nationwide's liability to Burke.
 
 
 11
 Nationwide's "same issue" argument is confusing, but appears to run as follows. The only way Nationwide could be liable to pay a tort judgment for the Hamiltons would be for the federal declaratory judgment to have held Nationwide liable on Burke's policy. The federal declaratory judgment held Nationwide not liable on Burke's policy. Therefore, state court enforcement of the settlement agreement requiring Nationwide to pay the Hamiltons was tantamount to a holding that Nationwide was liable on Burke's policy--a holding in direct conflict with the federal court's holding. Therefore, the argument concludes, state adjudication of the settlement agreement's validity should have been barred by issue preclusion, and enjoined under the relitigation exception.
 
 
 12
 Nationwide's argument fundamentally misconstrues the state trial court's findings concerning the settlement agreement. While the federal declaratory judgment resolved the issue of Burke's coverage under the Nationwide policy, the state court action resolved, as a matter of state contract law, the quite different issue of the non-effect upon the settlement agreement of Nationwide's favorable federal declaratory judgment. The state court found that the validity of the settlement agreement was not contingent upon the outcome of the federal declaratory judgment relative to insurance coverage. And it concluded that notwithstanding the Hamiltons' acceptance of Nationwide's settlement offer only after having learned of the federal declaratory judgment, the settlement agreement was nevertheless fairly negotiated, valid, and enforceable. See J.A. at 27-28 (transcript of proceedings in the Circuit Court of Cabal County). Indeed, not only was the federally adjudicated issue of coverage irrelevant to the state law issue of enforceability of the settlement agreement, the state court implicitly assumed the federal declaratory judgment's validity.[4]
 
 
 13
 Nationwide has failed to make the " 'strong and unequivocal showing' of relitigation of the same issue" required for application of the relitigation exception, Bluefield, 737 F.2d at 408. See also Chick Kam Choo, 108 S.Ct. at 1690. The district court therefore did not err in refusing to enjoin the state court proceeding under Sec. 2283's relitigation exception.
 
 C
 
 14
 Nationwide finally argues that the state court's enforcement of the settlement agreement constituted an improper exercise of the state court's jurisdiction under West Virginia law. To the extent Nationwide simply seeks collateral review of this implicit state court jurisdictional ruling in federal court the federal courts lack power to review it. See Atlantic Coast Line R.R., 398 U.S. at 296, 90 S.Ct. at 1747. Federal courts have no general supervisory power to require state courts to follow any special procedures except when necessary to assure compliance with federal constitutional dictates. See Harris v. Rivera, 454 U.S. 339, 344-45, 102 S.Ct. 460, 463-64, 70 L.Ed.2d 530 (1981). Even if we somehow construe Nationwide's argument as one challenging the constitutionality of West Virginia's assertion of jurisdiction over Nationwide, the district court could not properly entertain it under the circumstances of this case. See Pennzoil Co. v. Texaco, Inc., 481 U.S. 1, 15, 107 S.Ct. 1519, 1528, 95 L.Ed.2d 1 (1986) ("when a litigant has not attempted to present his federal claims in related state court proceedings, a federal court should assume that state procedures will afford an adequate remedy, in the absence of unambiguous authority to the contrary").
 
 
 15
 We therefore affirm the district court's refusal to stay or otherwise interfere with the state court enforcement proceedings.
 
 III
 
 16
 We next consider Nationwide's argument that the district court erred in refusing to impose Rule 11 or contempt sanctions against the Hamiltons' attorney for his conduct in seeking state court enforcement of the settlement agreement. The contention is that the enforcement motion in state court had no legal or factual foundation, so that the district court should have imposed Rule 11 sanctions under its retained jurisdiction. See J.A. at 47 (citing Langham-Hill Petroleum Inc. v. Southern Fuels, Co., 813 F.2d 1327, 1330-31 (4th Cir.1987) (district court may impose sanctions even after judgment is entered)).
 
 
 17
 This contention is without merit--for a very simple reason. The motion to enforce the settlement agreement was filed in state court, and in no way constituted a "pleading, motion, or other paper ... signed in violation of" federal Rule 11. "Rule 11 proceedings were never intended to resolve disputes between parties ... [or] to determine misrepresentation questions where the misrepresentation is not reflected in a pleading, motion or paper filed with the district court." Adduono v. World Hockey Ass'n, 824 F.2d 617, 621 (8th Cir.1987). Accordingly, the district court's dismissal of Nationwide's motion to impose Rule 11 sanctions was proper.
 
 
 18
 Nationwide also challenges the district court's denial of Nationwide's motion to hold the Hamiltons' attorney, Cyrus, in contempt of court. Nationwide's argument for imposing contempt sanctions is unclear, but appears to rest upon vague allegations that Cyrus somehow became aware, illicitly or unethically, of the outcome of the declaratory judgment action before the order was entered. Cyrus denied this allegation, see J.A. 70, and the district court, after considering the disputed factual issue thereby raised, denied the motion. To the extent the manner of acquiring this information may have been relevant to a charge of fraud or unethical conduct warranting a contempt citation, the district court necessarily found in favor of the attorney. There is no claim that such a finding was clearly erroneous. We therefore can find no error in the district court's refusal to find Cyrus in contempt.
 
 IV
 
 19
 We turn finally to Burke's appeal from the declaratory judgment of non-coverage and the related denial of the Hamiltons' motion to intervene in the declaratory judgment action.
 
 
 20
 Though neither party has suggested it, we think that prudential considerations compel us to declare the declaratory judgment action and the related motion to intervene mooted by intervening events. See S-1 v. Spangler, 832 F.2d 294 (4th Cir.1987) (mootness properly considered sua sponte ); United States v. (Under Seal), 757 F.2d 600, 602-03 (4th Cir.1985) (action mooted by events occurring during appeal's pendency); Conyers v. Reagan, 765 F.2d 1124, 1127 (D.C.Cir.1985) (fact that relief sought was declaratory does not affect mootness determination).
 
 
 21
 Specifically, the mooting event is the state court's intervening determination (later confirmed by its refusal, on Nationwide's motion as intervenor, to reconsider) that the agreement settling the Hamiltons' claims against Burke was enforceable against Nationwide. With that determination, the question whether Nationwide was contractually liable under its policy to indemnify Burke for any liability incurred on the state tort claims is irrelevant. That being so, a decision by this court either affirming or reversing the district court's conclusion that Nationwide was not so liable would be equally irrelevant. Under the circumstances, we should not engage in what would be meaningless adjudication of an issue of considerable difficulty, see S-1, 832 F.2d at 298, and we decline to do so.
 
 
 22
 We are of course aware that the state court determination may yet be subject to appeal and possibly to reversal. If that occurred and the settlement agreement were set aside, that would of course make the issue of Nationwide's liability under the Burke policy no longer legally irrelevant but again the subject of a justiciable controversy. That possibility may be fairly accommodated, however, by the usual practice upon an appellate court's determination that a case has been mooted by events. In accord with that practice, we will remand this action to the district court with instructions to dismiss it without prejudice as moot. See United States v. Munsingwear, 340 U.S. 36, 39, 71 S.Ct. 104, 106, 95 L.Ed. 36 (1950). If Nationwide should then succeed in avoiding the settlement agreement by a successful appeal, it may, if so advised, again seek a declaration of non-coverage under the policy.
 
 V
 
 23
 Accordingly, we affirm the district court's denial of Nationwide's motion to stay and grant a "protective order" against the state court proceedings to enforce the settlement agreement, and of the motion to impose Rule 11 and contempt sanctions on Attorney Cyrus; and we remand for dismissal without prejudice, as moot, the declaratory judgment action and the related motion to intervene in that action.
 
 
 24
 AFFIRMED IN PART; REMANDED IN PART FOR DISMISSAL WITHOUT PREJUDICE
 
 
 
 [1]
 During pendency of these post-judgment federal proceedings Nationwide moved in the state action for leave to intervene to seek reconsideration of the state court's order enforcing the settlement. The state court granted Nationwide's motion to intervene, but after considering Nationwide's proffered evidence, refused to reconsider its order enforcing settlement. So far as we are advised, the state action remains in that posture as we consider these appeals
 
 
 [2]
 The Anti-Injunction Act provides that:
 A court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments.
 28 U.S.C. Sec. 2283. The third exception to the general proscription against federal court injunction of state court proceedings "except ... to protect or effectuate its judgments" is known as the relitigation exception.
 
 
 [3]
 For the same reason, neither the district court nor we may review the state court's finding that the settlement agreement was valid and enforceable and that there was no misleading statement or misrepresentation made. See J.A. at 28. See also Glasgow, Inc. v. Noetzel, 556 F.Supp. 595, 598 (S.D.W.Va.1983) (refusing to set aside court judgment on grounds of fraud where state court decided fraud issue adversely to plaintiff)
 
 
 [4]
 If Nationwide's argument is instead that upholding the settlement agreement for all intents and purposes rendered the federal declaratory judgment nugatory such as to require application of collateral estoppel, it also fails. See Parsons Steel, Inc. v. First Alabama Bank, 474 U.S. 518, 522, 106 S.Ct. 768, 770, 88 L.Ed.2d 877 (1986) (even though state court's refusal to give res judicata effect in state action to prior federal judgment effectively nullified the federal judgment, it was nevertheless error to apply Sec. 2283's relitigation exception)