404 S.E.2d 540

**Walter E. HAMILTON, Executor of the Estate of David L. Hamilton, and Walter E. Hamilton, Duly Appointed Committee for Joan A. Hamilton, Plaintiffs Below, Appellees,**

v.

**John W. HARPER, Haskell Burke and Paul D. Waugh, Inc., a Corporation, d/b/a Ragtime Club, Defendants Below, Appellees,**

**Nationwide Mutual Insurance Company, Intervenor Below, Appellant.**

**No. 19710.**

Supreme Court of Appeals of West Virginia.

Submitted Jan. 9, 1991.

Decided April 25, 1991.

John F. Cyrus, Lockwood, Egnor, Gardner & Cyrus, Huntington, for Walter E. Hamilton, et al.

R. Carter Elkins, Campbell, Woods, Bagley, Emerson, McNeer & Herndon, Huntington, for Haskell Burke.

John R. Fowler, Mark A. Bramble, Mary H. Sanders, Huddleston, Bolen, Beatty, Porter & Copen, Charleston, for Nationwide Mut. Ins. Co.

WORKMAN, Justice:

Petitioner Nationwide Mutual Insurance Company ("Nationwide") appeals from a judgment entered by the Circuit Court of Cabell County enforcing a settlement agreement between Nationwide and Walter E. Hamilton as executor of the estate of David L. Hamilton and appointed committee for Joan A. Hamilton (hereinafter jointly referred to as the "Hamiltons"). Appellant maintains that the settlement agreement is unenforceable on the grounds of misrepresentation, mistake, and failure of consideration. We reverse the decision of the circuit court after determining that the attempted acceptance by the Hamiltons of the settlement agreement is unenforceable due to failure of consideration.

The underlying action from which this appeal arises emanated from a two-car collision which occurred on January 19, 1987, and was allegedly caused by the careless driving of John Harper. Nationwide's insured, Haskell Burke, was a passenger in the automobile owned and driven by John Harper. The second automobile involved in the collision was owned and driven by David L. Hamilton and was also occupied by Joan Hamilton. As a result of the collision, David Hamilton was killed instantly and Mrs. Hamilton was seriously injured. In June of 1987, a civil action was initiated on behalf of the Hamiltons in the Circuit Court of Cabell County against John Harper, Haskell Burke,[1] and Paul D. Waugh, Inc., d/b/a Ragtime Lounge, a Huntington, West Virginia, tavern to recover damages for Mr. Hamilton's death and Mrs. Hamilton's injuries.

In January 1988, Nationwide instituted a declaratory judgment action in the United States District Court for the Southern District of West Virginia seeking a ruling that Nationwide owed no duty to indemnify nor defend Mr. Burke based on his status as a passenger. The Hamiltons applied for leave to intervene in that action.[2] While the declaratory judgment action was pending in federal court, Nationwide undertook settlement negotiations with the Hamiltons in an attempt to resolve the two actions pending in state and federal court.

The first settlement offer tendered by Nationwide to the Hamiltons provided that Nationwide would agree to pay the $200,000 limit of Burke's insurance policy if

---

1. The alleged liability of Haskell Burke was based on this Court's decision in *Price v. Halstead*, 177 W.Va. 592, 355 S.E.2d 380 (1987) which established passenger liability for injuries to a third party caused by the intoxication of the vehicle's driver if the passenger's conduct substantially encouraged or assisted the driver's alcohol or drug impairment. Discovery conducted in the state action revealed that Mr. Burke had played an instrumental role in the marijuana and alcohol intoxication of John Harper.

2. Ultimately, the federal court denied the Hamiltons leave to intervene in the declaratory judgment action. That denial, which is of no consequence to this appeal, was first announced by order dated December 22, 1988—the same order which resolved the legal issues presented by the declaratory judgment complaint by granting summary judgment to Nationwide. Denial of the motion to intervene was based on the federal court's determination that the interests of the Hamiltons were adequately protected by Mr.

Nationwide was not successful in the declaratory judgment action and conversely, Nationwide would make no payment if it obtained a favorable ruling in the federal action. Since this offer allowed the declaratory judgment action to determine the amount of settlement ($200,000 v. $0.00), the proposed agreement further provided that all appeals were to be exhausted with regard to the federal action before the settlement could be effected. The Hamiltons rejected this initial offer.

Realizing that the Hamiltons wanted to reach a settlement before a decision was obtained from the federal court, Nationwide decided to make this second settlement offer for less than the policy limits. The avoidance of a potentially adverse decision in the district court provided Nationwide with the necessary incentive to make this second offer of settlement. Nationwide offered the Hamiltons $60,000 contingent upon dismissal of the declaratory and state court actions. When the Hamiltons rejected this cash settlement, Nationwide increased the offer to $100,000 with the same contingency that the state and federal actions be dismissed. On December 22, 1988, the Hamiltons contacted Nationwide to accept the $100,000 offer.

■ Just prior to the Hamiltons' acceptance of the $100,000 settlement offer, the Hamiltons' attorney learned that a final order granting summary judgment to Nationwide and dismissing the declaratory judgment action had been entered by the federal court. It is undisputed that the Hamiltons had knowledge at the time of their acceptance of Nationwide's offer on December 22, 1988, that the federal action had been dismissed while Nationwide did not have such knowledge.[3] When Nationwide learned that the dismissal order had been entered and that counsel for the Hamiltons was aware that such order had already been entered when he accepted Nationwide's offer, it immediately informed the Hamiltons that no offer of settlement was in existence at the time they attempted acceptance given the resolution of the district court action prior to the "acceptance" and their counsel's knowledge regarding this development.

Haskell Burke and the Hamiltons jointly appealed the ruling granting summary judgment in favor of Nationwide on the declaratory judgment issues to the United States Court of Appeals for the Fourth Circuit. While the Fourth Circuit appeal was pending, the Hamiltons moved the circuit court for entry of an order enforcing the $100,000 settlement agreement. Following a hearing held on March 28, 1989, concerning the Hamiltons' motion to enforce settlement, the circuit court ruled that the settlement agreement was enforceable. Since Nationwide did not appear at the March 28, 1989, hearing,[4] the circuit court held a second hearing on these same issues on April 13, 1989, pursuant to Nationwide's filing of a motion for reconsider-

Burke's involvement in the declaratory judgment action.

**3.** As justification for not informing Nationwide regarding the issuance of the summary judgment ruling in its favor by the district court, the Hamiltons cite the comment to Rule 4.1 of the West Virginia Rules of Professional Conduct. Rule 4.1 is entitled "Truthfulness in Statements to Others" and provides that:

In the course of representing a client a lawyer shall not knowingly: (a) make a false statement of material fact or law to a third person; or (b) fail to disclose a material fact to a third person when disclosure is necessary to avoid assisting a criminal or fraudulent act by a client, unless disclosure is prohibited by Rule 1.6.

While the commentary section to Rule 4.1 does indeed state that "[a] lawyer ... generally has no affirmative duty to inform an opposing party of relevant facts," the same commentary also notes that "[m]isrepresentations can ... occur by failure to act," and that "[m]aking a false statement includes the failure to make a statement in circumstances in which nondisclosure is equivalent to making such a statement." While we do not dispose of this case on the grounds of misrepresentation or fraud, we take a particularly dim view of the Hamiltons' attorney's failure to disclose his knowledge regarding the action taken by the federal court. The preferred course of action for the Hamiltons' counsel, in our opinion, would have required him to voluntarily disclose that information to Nationwide in the spirit of encouraging truthfulness among counsel and avoiding the consequences of his failure to disclose, e.g. this appeal.

**4.** Based on statements made to the circuit court at a later date, Nationwide's decision not to appear at the March 28, 1989, hearing was apparently based on strategy.

ation. Following a third hearing on August 3, 1989, the circuit court entered another order on August 25, 1989, denying Nationwide's requested relief and reaffirming its prior order of April 5, 1989, enforcing the settlement.

Following the circuit court's entry of the August 25, 1989, order affirming its earlier decision to enforce the settlement agreement, Nationwide filed motions with the federal district court seeking a stay of state court enforcement of the settlement agreement, Rule 11 and contempt sanctions against the Hamiltons' attorney, and a declaration invalidating the agreement. The district court denied each of Nationwide's motions and Nationwide appealed the rulings to the Fourth Circuit. The Court of Appeals held that:

> (1) state court action for enforcement of settlement agreement could not be enjoined under relitigation exception to Anti–Injunction Act after federal district court had found absence of coverage under policy; (2) state court motion to enforce settlement agreement was not 'pleading,' 'motion,' or 'other paper' within meaning of federal Rule 11; and (3) state court judgment upholding settlement rendered moot insurer's declaratory judgment action and injured parties' motion to intervene.

*Nationwide Mut. Ins. Co. v. Burke,* 897 F.2d 734 (4th Cir.1990). While finding that the "state court's intervening determination ... that the agreement settling the Hamiltons' claims against Burke was enforceable against Nationwide" rendered the declaratory judgment action moot, the Fourth Circuit recognized the potential for reversal of the state court ruling via the appellate process. *Id.* at 739. Accordingly, the Fourth Circuit provided for the dismissal without prejudice of the declaratory judgment action on the grounds that the action had been mooted by events and invited Nationwide, in the event of a successful state appeal, to "again seek a declaration of non-coverage under the policy." 897 F.2d at 740.

This appeal presently before our Court arises solely from the state court's ruling that the settlement agreement between the Hamiltons and Nationwide is enforceable.

 It is axiomatic that a contract requires consideration to be enforceable. *See First Nat'l Bank v. Marietta Mfg. Co.,* 151 W.Va. 636, 642, 153 S.E.2d 172, 177 (1967); *see generally* 4B Michie's Jurisprudence, *Contracts* § 31 (1986). Since a settlement agreement is undoubtedly a contract, consideration is likewise a prerequisite to enforceability of such an agreement. Nationwide argues that the settlement agreement at issue cannot be enforced for failure of consideration. Failure of consideration "means that something presumably of value moving from obligee to obligor was intended, but did not materialize." 4B Michie's Jurisprudence, *supra,* at § 38. Failure of consideration is also said to exist whenever "one who has either given or promised to give some performance fails without his fault to receive the agreed exchange for that performance." *Id.*

 To determine whether the consideration for the settlement agreement indeed "failed," it is necessary to examine the terms of the agreement. Both parties concur that the agreement contemplated that Nationwide would pay $100,000 to the Hamiltons in exchange for the Hamiltons' dismissal of the state civil action and Nationwide's dismissal of the federal declaratory judgment action. That the dismissal of the declaratory judgment action was an integral element of the agreement is clear from the "acceptance" letter which the Hamiltons' attorney wrote to Nationwide for the obvious purpose of memorializing the settlement terms on the same date on which the offer was "accepted": "This will confirm our telephone conversation this date in which I advised that my clients accepted Nationwide's offer to pay $100,-000.00 to settle all claims in the underlying action with a dismissal of the Declaratory Judgment action."

The parties' only disagreement[5] concerns whether the offer tendered by Na-

---

**5.** Although the record in this case indicates much discussion and some confusion at the

tionwide, by its terms, ceased to exist upon the district court's entry of an order granting summary judgment to Nationwide. Nationwide takes this position while the Hamiltons argue that the settlement offer was not conditioned in any manner on the outcome of the federal action. This Court finds the Hamiltons' position to be simply untenable.[6] As with any settlement offer, the offeror tenders the proposed agreement for the intended and understandable purpose of reducing its potential liability in view of the looming uncertainty of any pending litigation's outcome. In this case, Nationwide's primary incentive for offering the $100,000 cash settlement was the unknown outcome of the declaratory judgment action. Through its offer of $100,000, Nationwide would in turn receive the customary trade-off which underlies all settlements by having to pay only one-half of the policy limits at stake. Certainly, Nationwide could have waited until a ruling was issued in the declaratory judgment proceeding and possibly have been found to not have any duty to defend or indemnify Mr. Burke based on his passenger status. But the opposite result was equally plausible too.

Given this scenario of risk, Nationwide made an offer of settlement which expressly required the dismissal of both pending actions—the state court action initiated by the Hamiltons and the declaratory judgment action filed by Nationwide in federal district court. Were the Hamiltons to accept the offer, the consideration to them would be the $100,000 cash received as well as the elimination of a potentially adverse ruling in the federal action which might prevent them from receiving a penny from Nationwide as Mr. Burke's insurer. The consideration to be realized by Nationwide in the event of acceptance was the prevention of a potential federal court ruling which could result in an increased payout to the Hamiltons.

 Once the federal court issued its ruling on December 22, 1988, Nationwide no longer stood to benefit from the previously-tendered settlement offer. Consequently, the resolution of the declaratory judgment action in Nationwide's favor made the offer which the Hamiltons accepted unenforceable for failure of consideration. Where the consideration to one party is the dismissal of a civil action, a settlement agreement is not enforceable when the opposing party tenders acceptance of the offer of settlement with unilateral knowledge that a dispositive ruling has been issued which fully resolves the litigation. Since a voluntary dismissal of the civil action can no longer be realized due to the judicial resolution, the agreement is not supported by the requisite consideration and is therefore not enforceable.

Based on the foregoing, the ruling of the Circuit Court of Cabell County is hereby reversed. Given our ruling on the issue of consideration, we find it unnecessary to address any further grounds cited by Nationwide as a basis for reversing the circuit court. Pursuant to the ruling of the Fourth Circuit Court of Appeals, Nationwide may now seek a second determination of noncoverage if it so desires. *See Burke,* 897 F.2d at 740.

Reversed.

circuit court level regarding whether the offer which the Hamiltons accepted on December 22, 1988, was premised on the Hamiltons' waiver of their right to appeal an adverse ruling in the district court action, the confusion obviously arose from an intermingling of the two offers proposed by Nationwide. As the Hamiltons explain in their brief, "one proposal was expressly conditioned upon appellate outcome, the other was not." The first offer, which the Hamiltons rejected was clearly the offer conditioned upon the mutual expiration of all appeals. Yet, as the Hamiltons admit in their brief, the offer that they accepted was the "cash-no appeals offer of $100,000.00."

6. Technically, the Hamiltons are not incorrect in stating that Nationwide's offer was not conditioned on the *outcome* of the federal action. But their argument is nonetheless spurious as it is clear that a resolution of the declaratory judgment action prior to the consummation of the settlement agreement would negate Nationwide's incentive for entering into the agreement and thus the consideration for making such agreement.