60 F.3d 824
NOTICE: Fourth Circuit Local Rule 36(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
 NAUTILUS INSURANCE COMPANY, Plaintiff-Appellee,
v.
WINCHESTER HOMES, INCORPORATED, Defendant-Appellant,
PENNSYLVANIA LUMBERMEN'S MUTUAL INSURANCE COMPANY; Great
American Insurance Company, Defendants-Appellees,
and
RELIANCE WOOD PRESERVING, INCORPORATED, Defendant,
v.
Marting MULLANEY, Third Party Defendant.
NAUTILUS INSURANCE COMPANY, Plaintiff-Appellee,
v.
WINCHESTER HOMES, INCORPORATED, Defendant-Appellant,
PENNSYLVANIA LUMBERMEN'S MUTUAL INSURANCE COMPANY; Great
American Insurance Company, Defendants-Appellees,
and
RELIANCE WOOD PRESERVING, INCORPORATED, Defendant,
v.
Martin MULLANEY, Third Party Defendant.
 Nos. 94-2516, 94-2601.
 United States Court of Appeals, Fourth Circuit.
 Argued May 3, 1995.
Decided June 5, 1995.
 
 ARGUED: Vernon Webster Johnson, III, JACKSON & CAMPBELL, Washington, DC, for Appellant. Jodi Kay Ebersole, THIEBLOT, RYAN, MARTIN & FERGUSON, Baltimore, MD, for Appellees. ON BRIEF: Michael J. McManus, JACKSON & CAMPBELL, Washington, DC, for Appellant. Robert L. Ferguson, Jr., THIEBLOT, RYAN, MARTIN & FERGUSON, Baltimore, MD, for Appellees Nautilus Insurance, et al; Thomas J. Minton, QUINN, WARD & KERSHAW, P.A., Baltimore, MD, for Appellee Pennsylvania Lumbermans; John H. Johnston, SLENKER, BRANDT, JENNINGS & JOHNSTON, Merrifield, VA, for Appellee Great American Insurance.
 D.Md.
 AFFIRMED.
 Before ERVIN, Chief Judge, and MURNAGHAN and NIEMEYER, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 On February 12, 1991, the Appellee, Nautilus Insurance Company, filed a complaint in the United States District Court for the District of Maryland in which it sought a declaratory judgment adjudicating the respective rights, duties, and obligations of several parties under various liability insurance policies sold by Nautilus to Reliance Wood Preserving, Inc. One of those parties was Appellant, Winchester Homes, Inc., who, in two pending state court actions--one in Maryland state court and another in Virginia--made claims against Reliance, the insured. Nautilus's action for declaratory judgment specifically sought a declaration of its rights and obligations under its policies as to those two state court actions. Accordingly, when both state actions were resolved, the district court dismissed Nautilus's declaratory judgment action as moot. We affirm.
 
 
 2
 While either of the two underlying state court actions continued, Winchester had proper standing in a justiciable controversy. See Nautilus Insurance Co. v. Winchester Homes, Inc., 15 F.3d 371 (4th Cir.1994). Because the two state actions have been dismissed, however, Nautilus's claim for declaratory judgment is mooted. Winchester now seeks to sustain the existence of a justiciable controversy, by asserting that a third, distinctly different case now pending in the Commonwealth of Virginia precludes mootness. That argument is unavailing, however, because: (1) Nautilus specified in its complaint that it requested an adjudication of the parties' rights only with respect to the two original state cases; and (2) Nautilus never sought to amend its complaint to extend its action for declaratory judgment to the third suit. We are therefore satisfied that the district judge was correct in dismissing the case, sua sponte, on the ground of mootness. See Fireman's Fund Insurance Co. v. Dunlap, 317 F.2d 443 (4th Cir.1963); Nationwide Mutual Insurance Co. v. Burke, 897 F.2d 734 (4th Cir.1990). For the district court to have done otherwise would have been for the court improperly to read into Nautilus's pleading a claim that Nautilus never made.
 
 
 3
 Additionally, the district court was correct in holding that Winchester's application for an award of attorney's fees as a sanction was time barred. Indeed, to grant such an award now would be to resurrect or revive an issue resolved against Winchester two years before.
 
 Accordingly, the judgment is
 
 4
 AFFIRMED.