967 F.2d 998
 George A. GUESS, Plaintiff-Appellant,
v.
The BOARD OF MEDICAL EXAMINERS OF the STATE OF NORTH
CAROLINA; Walter Michel Roufail, in his individual and
official capacity; John Thomas Daniel, Jr., in his
individual and official capacity; Harold L. Godwin, in his
individual and official capacity; Hector Himel Henry, II,
in his individual and official capacity; John Wesley Nance,
in his individual and official capacity; F.M. Patterson,
Jr., in his individual and official capacity; Nicholas E.
Stratas, in his individual and official capacity; Kathryn
Howell Willis, in her individual and official capacity;
Bryant D. Paris, Jr., in his individual and official
capacity, Defendants-Appellees.
Carolyn FULLER; Ken M. Gregory; Charles Ernest Loops;
Rosemary Kolasa; Lisa Goldstein; Karen Hampton Senechal;
Marianne Lennon; Allan L. Combs; Lillah Schwartz; and Ram
Bashyam, Plaintiffs-Appellants,
v.
The BOARD OF MEDICAL EXAMINERS OF the STATE OF NORTH
CAROLINA; Walter Michel Roufail, M.D., in his individual
and official capacity; John Thomas Daniel, Jr., M.D., in
his official and individual capacity; Harold L. Godwin,
M.D., in his official and individual capacity; Hector Himel
Henry, II, M.D., in his individual and official capacity;
John Wesley Nance, M.D., in his official and individual
capacity; F.M. Simmons Patterson, Jr., M.D., in his
official and individual capacity; Nicholas E. Stratas,
M.D., in his official and individual capacity; Kathryn
Howell Willis, M.D., in her individual and official
capacity; and Bryant D. Paris, Jr., M.D., in his individual
and official capacity, Defendants-Appellees.
 Nos. 91-1786, 91-2260.
 United States Court of Appeals,
Fourth Circuit.
 Argued April 7, 1992.
Decided June 25, 1992.
 
 Mark Jay Prak, Tharrington, Smith & Hargrove, Charles E. Nichols, Jr., Manning, Fulton & Skinner, P.A., Raleigh, N.C., argued (Howard E. Manning, Jr., Anna R. Hayes, Manning, Fulton & Skinner, P.A., Raleigh, N.C., on brief), for plaintiffs-appellants.
 Michael Edmond Weddington, Smith, Anderson, Blount, Dorsett, Mitchell & Jernigan, Raleigh, N.C., argued (Susan M. Parker, Robert C. Glesener, on brief), for defendants-appellees.
 Before PHILLIPS and HAMILTON, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 OPINION
 HAMILTON, Circuit Judge:
 
 
 1
 These consolidated appeals arise from decisions of the district court in two cases which challenge the revocation of the medical license of Dr. George Guess pursuant to a North Carolina statute. Guess challenged the constitutionality of the statute and its application to him by the Board of Medical Examiners of North Carolina (the Board). The district court, in Guess v. Board, No. 91-1786 (Guess ), dismissed the action on the ground that hearing Guess' action would require an improper review of a previous North Carolina Supreme Court decision affirming the Board's action. In Fuller v. Board, No. 91-2260 (Fuller ), the district court refused to preliminarily enjoin the revocation of Guess' medical license as sought by Carolyn Fuller and other patients of Guess (hereinafter collectively referred to as "Patients") because the Patients failed to meet the requirements for obtaining such relief.
 
 
 2
 Because we find that Guess' claims are barred by res judicata and application of District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983), we affirm the district court's dismissal of his action in Guess. Because the Patients couched their causes of action in terms of receiving the treatment sought from Guess, our lack of jurisdiction to review and hear his case renders the Patients' derivative claims moot; therefore, we affirm the decision of the district court denying a preliminary injunction in Fuller.
 
 
 3
 * 91-1786
 
 
 4
 Guess' action challenging the Board's revocation of his license began and proceeded through each level of the North Carolina state court system and into the United States Supreme Court. The revocation was the result of a professional disciplinary action which was initiated by the Board on June 25, 1985. The Board charged that Guess engaged in "unprofessional conduct," within the meaning of N.C.Gen.Stat. § 90-14(a)(6) (1990), in that his prescribing of homeopathic[1] medicines in the course of his medical practice "departs from and does not conform to the standards of acceptable and prevailing medical practice in the State of North Carolina." (Board's Order, Joint Appendix (J.A.) 145C). The Board's order of January 14, 1986, revoked Guess' medical license, but stayed that revocation on the condition that Guess refrain from using homeopathic medicines in his practice and conduct his practice in accord with the standards of acceptable and prevailing medical practice in North Carolina.
 
 
 5
 Section 90-14, upon which the Board based its decision, and from which it derives its authority, states in relevant part:
 
 
 6
 a) The Board shall have the power to ... revoke a license, or other authority to practice medicine in this State, issued by the Board to any person who has been found by the Board to have committed any of the following acts or conduct, or for any of the following reasons: ...
 
 
 7
 (6) Unprofessional conduct, including, but not limited to, any departure from, or failure to conform to, the standards of the medical profession, irrespective of whether or not a patient is injured thereby....
 
 
 8
 N.C.Gen.Stat. § 90-14(a), (a)(6). Based on the evidence presented to the Board at a hearing, the Board found that Guess was the only physician known to the Board to utilize homeopathic medicines and treatments in his practice. The Board made its decision on the grounds that the state had no statutory scheme for the regulation of the practice of homeopathic medicine and because such practice "... departs from and does not conform to the standards of acceptable and prevailing practice in this state." (Board's Order, J.A. 145C).
 
 
 9
 The Superior Court of Wake County, North Carolina stayed, then overturned, the Board's order based on its conclusion that the Board's findings of fact were not supported by the evidence and the decision was arbitrary and capricious. The Board appealed this decision to the North Carolina Court of Appeals which affirmed the Superior Court on the ground that there was an implicit requirement in the statute that "the non-conforming practices endanger or harm the public in some way." In re Guess, 95 N.C.App. 435, 382 S.E.2d 459, 461 (1989).
 
 
 10
 The North Carolina Supreme Court granted discretionary review of the decision and reversed the court of appeals finding that § 90-14 was a valid exercise of the state's police power, the statute was neither vague nor overly broad, enforcement of the statute did not invade Guess' privacy rights, and there was no requirement of a specific danger or injury to the public. In re Guess, 327 N.C. 46, 393 S.E.2d 833, 838 (1990).
 
 
 11
 Guess then petitioned the United States Supreme Court for a writ of certiorari. The Court denied this petition. After the denial of certiorari, Guess brought this action in the District Court for the Eastern District of North Carolina, seeking an injunction against the Board for violation of his First and Fourteenth Amendment rights and a declaratory judgment that the statute under which his license was revoked was unconstitutional. The district court concluded that it had no jurisdiction to hear Guess' claims because to do so would require improper review of the North Carolina court's decision. Because appeal of a state court decision was only proper to the U.S. Supreme Court, the district court reasoned that it had no jurisdiction over a subsequent action trying what were, essentially, the same claims. The district court rejected Guess' contention that the claims he brought in district court were separate federal constitutional claims which could be adjudicated. The district court recognized that a general constitutional attack could be brought in federal court against a rule or statute which a plaintiff previously disputed in state court. The district court concluded, however, that Guess raised the same constitutional issues in federal court he raised in state court, and addressing these constitutional claims would necessarily involve review of the state court's decision, because Guess' case was inextricably intertwined with the state court decision.
 
 91-2260
 
 12
 The Patients brought their action initially in federal district court seeking an injunction against the Board's revocation of Guess' medical license and a declaration that § 90-14, as applied to Guess, is unconstitutional. The Patients assert, in essence, that the Board's action against Guess violated their constitutional rights to obtain homeopathic care from him.
 
 
 13
 Specifically, the Patients argued that their own Fourteenth Amendment liberty interests were violated, the North Carolina statute exceeded the state's police powers, the statute was unconstitutionally vague, the attempt to prohibit Guess from practicing homeopathic medicine is a violation of the Commerce Clause, and the Board's action abridges their First Amendment rights of free speech.
 
 
 14
 In considering the Patients' request for a preliminary injunction, the district court applied Blackwelder Furniture Co. v. Seilig Mfg. Co., 550 F.2d 189 (4th Cir.1977). The district court determined, under that test, that the balance of harm and the public interest favored the Board; therefore, a preliminary injunction could not be granted.
 
 
 15
 The Patients appeal from this denial of a preliminary injunction and assert that the district court failed to recognize their reduced burden to meet the Blackwelder test, failed to recognize the irreparable harm that would be done to Guess' patients, clearly erred in its finding of harm to the Board, misidentified the public's interest, and failed to consider the likelihood that they would succeed at trial on the merits.
 
 II
 
 16
 The district court's decision that it lacked jurisdiction to resolve Guess' claims in No. 91-1786 presents an issue of law which is subject to de novo review. Helland v. Metropolitan Life Ins. Co., 488 F.2d 496, 497 (9th Cir.1973). The district court's decision, in Fuller No. 91-2260, to deny the motion for a preliminary injunction can only be reversed upon a showing of an abuse of discretion. Blackwelder Furniture Co. v. Seilig Mfg. Co., 550 F.2d 189, 193 (4th Cir.1977).
 
 III
 
 17
 Guess' case is controlled by the principles of law stated by the United States Supreme Court in District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983). Feldman, a member of both the Virginia and Maryland Bars, applied for admission to the District of Columbia Bar under a reciprocal admission rule that allowed some members of the Virginia or Maryland Bars to be admitted without an examination. The Committee on Admissions of the District of Columbia Bar denied his application because he had not graduated from an A.B.A. approved law school, as the District of Columbia Bar admission rules required. Feldman appealed this decision to the District of Columbia Court of Appeals. After the District of Columbia Court of Appeals upheld the Committee's denial of his application, Feldman filed a complaint in the United States District Court for the District of Columbia. Feldman sought a declaration that the Committee's actions violated the Fifth Amendment and an injunction requiring him to be admitted. The district court dismissed the action for lack of subject matter jurisdiction, stating that if it were to assume jurisdiction over the suit, it would find itself in the untenable position of reviewing an order of a jurisdiction's highest court. Feldman appealed to the United States Court of Appeals for the District of Columbia Circuit which acknowledged that review of a final judgment of the highest judicial tribunal of a state is vested solely in the Supreme Court of the United States, and that the district court is powerless to reexamine determinations of the District of Columbia Courts in judicial proceedings. The court of appeals, however, reversed the district court on the ground that the action fell within the district court's jurisdiction because the District of Columbia Court's denial of Feldman's waiver petition emanated from proceedings that were not judicial.
 
 
 18
 The Supreme Court reversed the court of appeals on the issue of whether the proceeding before the District of Columbia Court was judicial in nature, holding it was. The question of the district court's subject matter jurisdiction over Feldman's claims was, therefore, reopened. The Court held that the district court lacked jurisdiction over the District of Columbia Court's denial of Feldman's petition for waiver, but that the district court did have jurisdiction over his general challenge to the constitutionality of the rule. Feldman, 460 U.S. at 488, 103 S.Ct. at 1318. General challenges, the Court stated, "do not necessarily require a United States district court to review a final state-court judgment in a judicial proceeding." Id. at 486, 103 S.Ct. at 1316-17.
 
 
 19
 The Court also ruled, however, that a plaintiff's constitutional challenge to a state statute cannot always be heard in federal court, even if the plaintiff failed to raise the constitutional question in state court. Feldman, 460 U.S. at 482 n. 16, 103 S.Ct. at 1315 n. 16. Merely because a state court is not presented with a federal claim does not mean that a federal court can adjudicate that claim:
 
 
 20
 If the constitutional claims presented to a United States district court are inextricably intertwined with the state court's denial in a judicial proceeding of a particular plaintiff's application for admission to the state bar, then the district court is in essence being called upon to review the state-court decision. This the district court may not do.
 
 
 21
 Id. Thus, if plaintiffs who lose in state court recast their claims in federal court under the guise of federal constitutional claims that were not raised or decided by the state court, Feldman will preclude jurisdiction if the constitutional claims are inextricably intertwined with the merits of the state court judgment.
 
 
 22
 Feldman was acknowledged in our decision in Czura v. Supreme Court of South Carolina, 813 F.2d 644 (4th Cir.1987). Czura challenged the decision of the Supreme Court of South Carolina which denied him admission to the bar based on his plea of guilty to conspiracy to import marijuana. Following this denial, Czura sought review in the district court asserting that he was denied due process and his right to equal protection of the laws. We affirmed the decision of the district court that it had no jurisdiction, finding that Czura did not proffer a permitted general challenge to the state statute under which he was denied admission, but instead forwarded only an impermissible particularized challenge which was inextricably intertwined with the state court decision. Id.
 
 
 23
 Guess facially asserts a general constitutional challenge to § 90-14. Guess' challenge may not, however, be heard by the district court. First, Guess makes many of the same constitutional challenges to § 90-14 that he made in state court. Guess alleged in the state court that § 90-14 was unconstitutionally vague, violated equal protection, infringed upon constitutionally protected privacy rights, and was arbitrary and capricious as applied. (Brief to N.C. Supreme Court, J.A. 341). In his federal complaint, Guess asserts again that the statute is vague, deprives him of fundamental rights, and violates equal protection. Guess does assert two constitutional claims that he did not assert in state court: that his right of free speech was abridged and that the statute imposes an impermissible barrier to purchase and use homeopathic drugs in violation of the Commerce Clause.
 
 
 24
 Although Feldman permits a general constitutional challenge to a statute, it clearly does not permit the same constitutional challenge to be made in the state court and again in the federal court. The North Carolina courts were fully competent to hear the constitutional challenges made by Guess. The Supreme Court has "noted the competence of the state courts to adjudicate federal constitutional claims." Feldman, 460 U.S. at 482 n. 16, 103 S.Ct. at 1315 n. 16. Guess' effort to have the federal court relitigate claims already made to the state court is impermissible under principles of res judicata. Nothing in Feldman can be read to permit a claim once made, to be made again.
 
 
 25
 Guess counters that the North Carolina Supreme Court failed to address his constitutional claims and, therefore, he had no adjudication of those claims. Justice Brennan, in footnote 16 of Feldman, made clear that even if a claim is not presented to a state court, or by inference is not ruled upon, a plaintiff is not entitled to bring that claim in federal court if the claim was one that should have been brought in the state court. "[T]he fact that [the Supreme Court] may not have jurisdiction to review a final judgment of a petitioner's claims in state court does not mean that a United States district court should have jurisdiction over the claims." Feldman, 460 U.S. at 482 n. 16, 103 S.Ct. at 1315 n. 16. If the North Carolina Supreme Court erred in not considering a claim made by Guess, that was an issue which Guess should have addressed to the Supreme Court on appeal.
 
 
 26
 The above analysis does not, however, dispose of Guess' two new constitutional claims of abridgement of his free speech rights and violation of the Commerce Clause. Guess asserts that the statute denies him the right to render advice concerning the use of homeopathic drugs in violation of his free speech rights. He also asserts that, by not permitting physicians to prescribe homeopathic medications, the statute imposes an impermissible burden upon interstate commerce in such medications and, therefore, violates the Commerce Clause.
 
 
 27
 To the extent that these two claims challenge the statute's application to Guess, such challenge is impermissible. Therefore, when Guess claims that the statute violates his First Amendment rights, that claim cannot be heard by the district court, because, as discussed above, Feldman clearly precludes a district court from rehearing a particularized adjudication. As we noted in Czura, only general challenges to the statute are permitted. 813 F.2d at 646. A plaintiff may not relitigate in federal court a particularized challenge to an adjudication against him in state court. Id.
 
 
 28
 Secondly, the Feldman decision does not preclude the application of res judicata to general challenges. The Court, in Feldman, specifically declined to consider the effect of res judicata on Feldman's general challenge, but instead left "that question to the District Court on remand." Feldman, 460 U.S. at 487, 103 S.Ct. at 1317. The Court not only expressly left the door open for such a decision, it directly stated that "by failing to raise his claims in state court a plaintiff may forfeit his right to obtain review of the state court decision in any federal court." Feldman, 460 U.S. at 482 n. 16, 103 S.Ct. at 1315 n. 16 (emphasis added). Guess raises some constitutional claims in the state court. In this case, there is no reason why he could not have raised his remaining constitutional claims. Res judicata precludes reassertion of Guess' claims.
 
 
 29
 Because he could have brought these claims in state court, this case is distinguished from Feldman and Pennzoil Co. v. Texaco, Inc., 481 U.S. 1, 107 S.Ct. 1519, 95 L.Ed.2d 1 (1987),[2] in which the plaintiffs may not have had an opportunity to raise their constitutional challenges in the state proceedings. In Feldman, the state judicial proceedings involved were an exercise of the state court's power to regulate the legal profession, they were not in the nature of a full judicial trial in which one would expect to raise challenges to the constitutionality of a statute. In Pennzoil, Texaco's claims would not be barred by res judicata because it would not be expected to raise its claim challenging the Texas appellate process in its defense of Pennzoil's action to recover damages for interference with contract.
 
 
 30
 Several courts follow the reasoning of this argument by holding that Feldman only permits a claim to be raised in federal court which the plaintiff had no opportunity to raise in the state court and was not otherwise inextricably intertwined with the state court judgment. Wood v. Orange County, 715 F.2d 1543 (11th Cir.1983), cert. denied, 467 U.S. 1210, 104 S.Ct. 2398, 81 L.Ed.2d 355 (1984); Robinson v. Ariyoshi, 753 F.2d 1468 (9th Cir.1985), vacated on other grounds, 477 U.S. 902, 106 S.Ct. 3269, 91 L.Ed.2d 560 (1986). Since Guess had a full and fair opportunity to raise the Commerce Clause and First Amendment claims in the state court, res judicata bars the district court from hearing those claims.
 
 
 31
 Hearing these claims by Guess would also run counter to the holding in Feldman that the claims not be inextricably intertwined with the state judgment. This case, as described by Guess, seeks to enjoin the Board from preventing his prescribing homeopathic medicine, and to have § 90-14 declared unconstitutional. This is the same case that the North Carolina courts heard; Guess merely tacks on the First Amendment and Commerce Clause claims to achieve subject matter jurisdiction in the district court. Under these circumstances, if the district court heard this case, it would necessarily have to look to the North Carolina decision against Guess. This consideration of a particular challenge to a state court decision is clearly precluded by Feldman. Artificial attempts to redefine the relief sought are not sufficient to overcome the requirements of Feldman. See Stern v. Nix, 840 F.2d 208 (3d Cir.1988) (holding that a plaintiff's reference to himself and all similarly situated future petitioners did not change the essence of his action from a particularized challenge of the state court's decision against him to a general challenge of a statute).
 
 
 32
 Plainly, Guess' impermissible purpose is to overturn the particularized state adjudication against him. The federal district court is not at liberty to entertain such a suit. Guess is, therefore, precluded from asserting this action in the federal district court.
 
 IV
 
 33
 The standard in this circuit for considering the Patients' request for a preliminary injunction in this circuit is set forth by Blackwelder Furniture Co. v. Seilig Mfg. Co., 550 F.2d 189 (4th Cir.1977). The district court must consider: (1) the likelihood of irreparable harm to the plaintiff without the injunction; (2) the likelihood of harm to the defendant with the injunction; (3) the plaintiff's likelihood of success on the merits; and (4) the public interest. Id.
 
 
 34
 Although the Patients may have demonstrated some possibility of harm to themselves, their claims have no likelihood of success. The Patients' claims, as presently framed, necessarily collapse with Guess' case because they are merely derivative of his causes of action. The Patients do not assert a general challenge to § 90-14 with respect to their own rights. Their claims, prayers for relief and motion for a preliminary injunction are instead tied to the Board's specific action against Guess. An examination of the Patients' complaint and motion for preliminary injunction clearly shows that the gravamen of their case, as framed, is to vindicate their own rights only insofar as they seek homeopathic care from Guess.
 
 
 35
 In the prayer for relief, the Patients request "the court to enter a declaratory judgment to the effect that § 90-14 is unconstitutional as applied by the Medical Board to Dr. Guess and interpreted by the North Carolina Supreme Court"; and they seek an injunction "from ... the order of the Medical Board revoking the license to practice medicine of Dr. George A. Guess...." (Complaint, J.A. 30 (emphasis added)). The Motion for a preliminary injunction requests "[t]hat the court issue a temporary restraining order and a preliminary injunction ordering defendants to refrain from enforcing the order of the Board ... prohibiting Dr. George Guess from prescribing or administering homeopathic medicines...." (J.A. 75 (emphasis added)).
 
 
 36
 While the Patients might have standing to assert a broad and general challenge to § 90-14 as it allegedly affects their constitutional rights, the specific relief which they presently request cannot be granted. We have already determined that the district court is without jurisdiction to review the North Carolina Supreme Court's decision that Guess' license was properly revoked. Because of this decision, the relief the Patients seek, homeopathic care from Guess, cannot be given. In limiting their prayer for relief to an injunction against the Board's revocation of Guess' medical license, to the extent of the relief requested, the Patients become "a litigating agent of a person who was a party to a prior action...." Charles A. Wright, Arthur R. Miller, Edward H. Cooper, Federal Practice and Procedure § 4449 n. 7 (1981) (citing St. Louis Typographical Union No. 8 v. Herald Co., 402 F.2d 553 (8th Cir.1968) (holding that a Union may not relitigate an action for severance pay which the employees previously lost, even though the Union facially asserts a new theory of recovery and was not involved in the initial action)). The Patients effectively seek to relitigate the claims of Guess that were previously decided and which this court has no jurisdiction to review. They may not thus reverse the prior particularized adjudication against Guess even if they can validly assert a generalized constitutional challenge to § 90-14 based on a violation of their own rights.
 
 
 37
 As framed, therefore, the Patients' claims have no likelihood of success and a preliminary injunction cannot be granted.
 
 V
 
 38
 For the reasons discussed above, we affirm the district court's judgment in Guess and its denial of the motion for a preliminary injunction in Fuller. Accordingly, the judgment of the district court in 91-1786 (Guess ) and its denial of the motion for a preliminary injunction in 91-2260 (Fuller ) are affirmed.
 
 
 39
 AFFIRMED.
 
 
 
 [1]
 Homeopathy is described as "a system of therapeutics ... in which diseases are treated by drugs which are capable of producing in healthy persons symptoms like those of the disease to be treated, the drug being administered in minute doses." Dorland's Illustrated Medical Dictionary 614 (26th ed. 1981)
 
 
 [2]
 In Pennzoil, after Pennzoil obtained a 10.5 billion dollar verdict against Texaco, Texaco sought to stay the judgment pending appeal. Texas law requires a bond in the amount of judgment, which Texaco could not afford to post, nor could it survive paying the judgment during the appeal. Texaco, therefore, brought an action in the United States District Court for the Southern District of New York to enjoin the enforcement of the judgment. Texaco asserted many of the same claims made in state court but also raised the claims that the Texas bond provisions precluded an appeal in the state courts in violation of the due process and equal protection clauses. The Second Circuit upheld the district court's exercise of jurisdiction over the two § 1983 claims because they were never presented to or adjudicated by the state court and were not "inextricably intertwined" with the state claims. The Supreme Court reversed on other grounds with a majority of the court either explicitly or implicitly approving the initial exercise of jurisdiction by the district court over Texaco's constitutional claims