Sherry DUBY, Plaintiff,

v.

Garrett MORAN, et al., Defendants.

Civ. A. No. 6:95–0735.

United States District Court,
S.D. West Virginia,
Parkersburg Division.

Oct. 13, 1995.

Berkeley L. Simmons, Elizabeth, WV, for plaintiff.

Charles R. Bailey, Shuman, Annand & Poe, Charleston, WV, Larry M. Bonham, As-

sistant Attorney General, Dept. of Health & Human Resources, Charleston, WV, for defendants.

## MEMORANDUM OPINION AND ORDER

HADEN, Chief Judge.

Pending is the Defendants' Motion to Dismiss pursuant to *Rules* 12(b)(1) and 12(b)(6) [1] of the *Federal Rules of Civil Procedure.* The parties have submitted memoranda in support of their respective positions and the matter is mature for the Court's consideration.

*Rule* 12(h)(3) of the *Federal Rules of Civil Procedure* provides "[w]henever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action." Fed.R.Civ.P. 12(h)(3).

On February 4, 1993 Plaintiff's child was removed from her custody by Defendants Garrett Moran and Joan George, employees of the West Virginia Department of Health and Human Resources, based upon allegations of abuse and neglect perpetrated by Plaintiff's husband.[2] The next day the Defendant state agents initiated a custody action in the Circuit Court of Wood County seeking adjudication of the child abuse allegations. At a hearing held April 26, 1993, the circuit court "determined the Department had proved by clear and convincing evidence that Jonathan was subject to child abuse." *In re Jonathan Michael D.,* 459 S.E.2d at 133. A twelve-month improvement period was granted Plaintiff and her husband. At the conclusion of the period, a final hearing was held and Plaintiff's parental

rights were terminated by Order entered July 25, 1994. Plaintiff appealed the final decision of the circuit court. *See id.* The Supreme Court of Appeals of West Virginia affirmed the decision on May 18, 1995, concluding the lower court had not abused its discretion in the termination of Plaintiff's parental rights. *Id.*

Plaintiff initiated this action on August 23, 1995 seeking a permanent injunction for the return and custody of her son, damages, expenses and fees, and the appointment of a guardian ad litem. Plaintiff asserts jurisdiction under 42 U.S.C. § 1983 and the Fourteenth Amendment of the United States Constitution. The Defendants responded with the instant motion to dismiss the complaint for lack of subject matter jurisdiction and for failure to state a claim upon which relief can be granted.

It is well-established "lower federal courts possess no power whatever to sit in direct review of state court decisions." *Atlantic Coast Line R. Co. v. Brotherhood of Locomotive Eng'rs,* 398 U.S. 281, 296, 90 S.Ct. 1739, 1748, 26 L.Ed.2d 234 (1970); *Nationwide Mut. Ins. Co. v. Burke,* 897 F.2d 734, 737 (4th Cir.1990). District court jurisdiction is "strictly original." *Rooker v. Fidelity Trust Co.,* 263 U.S. 413, 415–16, 44 S.Ct. 149, 150, 68 L.Ed. 362 (1923).

District courts have no subject matter jurisdiction over challenges to state court decisions in cases arising out of judicial proceedings, even if those challenges allege the state court's action was unconstitutional. *District of Columbia Court of Appeals v. Feldman,* 460 U.S. 462, 482, 103 S.Ct. 1303,

---

1. The Court notes the standard of review of a motion to dismiss filed pursuant to Rule 12(b)(6) of the *Federal Rules of Civil Procedure.* As stated by our Court of Appeals,

   "In general, a motion to dismiss for failure to state a claim should not be granted unless it appears certain that the plaintiff can prove no set of facts which would support its claim and would entitle it to relief. In considering a motion to dismiss, the court should accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff. *See, e.g., De Sole v. United States,* 947 F.2d 1169, 1171 (4th Cir.1991)."
   *Mylan Laboratories, Inc. v. Matkari,* 7 F.3d 1130, 1134 (4th Cir.1993), *cert. denied, sub nom, Ameri-*

*can Home Products Corp. v. Mylan Laboratories, Inc.,* — U.S. —, 114 S.Ct. 1307, 127 L.Ed.2d 658 (1994); *see Ridgeway Coal Co. v. FMC Corp.,* 616 F.Supp. 404, 406–07 (S.D.W.Va.1985) (Haden, C.J.) (citing *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–02, 2 L.Ed.2d 80 (1957)). However, because the motion is resolved on the issue of subject matter jurisdiction, the Court will not adjudicate the merits of Plaintiff's claim.

2. For a more in depth recitation of the events surrounding the allegations of abuse and subsequent removal of the child, see *In re Jonathan Michael D.,* 459 S.E.2d 131 (W.Va.1995) (per curiam).

1314–15, 75 L.Ed.2d 206 (1983). Review of those state court decisions may be had only in the Supreme Court of the United States. *Id.* Likewise, any failure of the state court to address a constitutional issue raised by either party would be an issue for the Supreme Court. *Guess v. Board of Medical Examiners of State of N.C.*, 967 F.2d 998, 1003 (4th Cir.1992).

 Here, the Plaintiff essentially is asking the Court to review and enjoin the state court judgment. The Court concludes it lacks subject matter jurisdiction over this action. Accordingly, the Court **GRANTS** Defendants' Motion to Dismiss and dismisses this case from the docket of the Court. The Court also **DENIES** all other pending motions as moot.