ALLSTATE INSURANCE CO., Plaintiff,

v.

The WEST VIRGINIA STATE
BAR, et al., Defendants.

Civil Action No. 2:97–1056.

United States District Court,
S.D. West Virginia,
Charleston Division.

March 20, 1998.

Benjamin L. Bailey and Brian A. Glasser, Bowles, Rice, McDavid, Graff & Love, Charleston, WV, for Plaintiff.

S. Benjamin Bryant, Robert B. King and Pamela L. Kandzari, King, Allen Guthrie & McHugh, Charleston, WV, for Defendants.

## MEMORANDUM OPINION AND ORDER

HADEN, Chief Judge.

Pending are Defendants' motion to dismiss and motion to certify. The matters are ripe for review. For reasons that follow, the Court **GRANTS** Defendants' motion to dismiss. Accordingly, the Court **DENIES** as moot Defendants' motion to certify.

### I. FACTUAL BACKGROUND

#### A. The Instant Case

In October 1995 a licensed lawyer in West Virginia filed a complaint with the State of West Virginia Lawyer Disciplinary Board, alleging that Allstate was unlawfully engaged in the practice of law because it was distributing a pamphlet entitled, "Do I Need an Attorney?" ("pamphlet") to third-party insurance claimants. The pamphlet included statements such as, "people who settle insurance claims without an attorney generally settle their claims more quickly than those who have hired attorneys" and "[a]ttorneys often take up to one-third of the settlement you receive after deducting expenses incurred. If you settle directly with Allstate, however, the total amount of the settlement is yours."

The Lawyer's Disciplinary Board sent the complaint to the Committee on Unlawful Practices ("the Committee"), which asked Allstate to respond. On July 17, 1997 a three-person sub-committee held a hearing at which the complainant and Allstate presented evidence and argument with respect to whether distribution of the pamphlet constituted the unauthorized practice of law.

On September 18, 1997 the Committee approved an opinion holding distribution of the pamphlet by Allstate constituted the unauthorized practice of law ("Opinion"). On September 24, the Committee issued its Opinion along with a letter requesting that Allstate agree to desist from unlawful conduct within fifteen days.

On October 7, Allstate moved the Committee to reconsider its position. In response, the Committee agreed to stay execution of the Opinion until October 28. On October 23, the Committee informed Allstate it declined to reconsider its position.

On October 28 Allstate commenced action in this Court, seeking a temporary restraining order, preliminary injunction,[1] and permanent injunction against the Committee and the West Virginia State Bar ("State Bar") to prevent the Committee and its parent body from enforcing the Opinion. Allstate asserts Defendants' Opinion and September 24, 1997 letter (1) violate the First Amendment as an unconstitutional attempt to restrain Allstate's speech and (2) violate the dormant Commerce Clause as an unconstitutional attempt to restrain interstate commerce.

Defendants moved alternatively to dismiss the case or to certify a question to the West Virginia Supreme Court of Appeals. The Court addresses the motions in turn.

### B. The State Bar

The State Bar is an agency of the Supreme Court of Appeals of West Virginia ("Supreme Court of Appeals" or "Supreme Court")

1. By agreement noted in this Court's October 30, 1997 and November 7, 1997 Orders, (1) Allstate no longer seeks a temporary restraining order or preliminary injunction and (2) Defendants extended the stay and agreed not to enforce the Opinion until this Court disposes of the relevant issues.

2. Because Allstate mounts a challenge to the application of West Virginia's definition of the practice of law, rather than a general challenge to the constitutionality of the definition itself, the exception to *Rooker–Feldman* does not operate. *See District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482–83, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983).

3. Alternatively, the Court also finds meritorious Defendants' arguments in favor of abstention.

whose purpose, in part, is to enforce the rules prescribed by the Supreme Court for the definition of the practice of law in West Virginia. W.Va.Code § 51–1–4a(a) and (d).

The Committee is a permanent committee of the State Bar and has "jurisdiction over all matters and questions which may be considered as constituting the unlawful practice of law under the definition of the practice of law adopted by the supreme court of appeals of West Virginia." West Virginia State Bar, Bylaws, art. VII., § 1. The Committee's powers are stated:

> Such committee shall investigate, on its own initiative or upon request of any court or judge or upon the verified complaint of any person, any matter involving the alleged unlawful practice of law. Such committee is empowered to dismiss any complaint, to enter into an agreement to desist from unlawful practices, or, when the facts warrant, to institute appropriate proceedings in the name of the West Virginia State Bar, or in the name of any authorized committee or of any member thereof, in any court having jurisdiction, for the purpose of securing appropriate relief.

*Id.* § 2.

### II. DISCUSSION

Although Defendants raise several arguments for dismissal, the Court need only address Defendants' argument, under the *Rooker–Feldman* doctrine,[2] that this Court lacks jurisdiction because Allstate seeks, essentially, appellate review of a state court proceeding. The Court agrees.[3]

For example, abstention under the *Younger* doctrine is appropriate when " '(1) there is an ongoing state judicial proceeding, (2) the proceeding implicates important state interests, and (3) there is an adequate opportunity to present the federal claims in the state proceeding.' " *Employers Resource Management Co., Inc. v. Shannon*, 65 F.3d 1126, 1134 (4th Cir.1995) (quoting *Middlesex County Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432, 102 S.Ct. 2515, 2521, 73 L.Ed.2d 116 (1982)), *cert. denied*, 516 U.S. 1094, 116 S.Ct. 816, 133 L.Ed.2d 761 (1996). As found above, the Committee's actions were judicial and are still pending because the Committee has not taken any of the three actions available to it. Second, the Court is well aware of the important state interests at issue. *See, e.g., Goldfarb v. Virginia State Bar*, 421 U.S. 773, 792, 95 S.Ct.

This Court has previously acknowledged that " 'lower federal courts possess no power whatever to sit in direct review of state court decisions,' " *Duby v. Moran*, 901 F.Supp. 215, 216 (S.D.W.Va.1995) (quoting *Atlantic Coast Line R.R. Co. v. Bhd. of Locomotive Eng'rs*, 398 U.S. 281, 296, 90 S.Ct. 1739, 26 L.Ed.2d 234 (1970) and *Nationwide Mut. Ins. Co. v. Burke*, 897 F.2d 734, 737 (4th Cir.1990)), even if such decisions are alleged to be unconstitutional, *id. See also Plyler v. Moore*, 129 F.3d 728, 731–32 (4th Cir.1997). Such review may only be sought in the Supreme Court of the United States. *Id.*

The Fifth Circuit addressed this question in two cases. In *Thomas v. Kadish*, 748 F.2d 276 (5th Cir.1984), *cert. denied*, 473 U.S. 907, 105 S.Ct. 3531, 87 L.Ed.2d 655 (1985), plaintiff was denied admission to the Texas Bar by the Board of Bar Examiners. Instead of appealing the decision within the state courts, he filed suit in federal court. The *Thomas* court stated,

> [T]he Supreme Court ... has provided the governing values and rationale that we must apply to determining whether a federal district court has subject matter jurisdiction to consider constitutional claims that "are inextricably intertwined with the state court's denial in a judicial proceeding of a particular plaintiff's [case]." These controlling values include federal-state comity considerations and the "strength of the state interest in regulating the state bar."

*Thomas*, 748 F.2d at 281 (internal citation omitted) (quoting *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 483 n. 16, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983)). The district court found it lacked jurisdiction because the state bar acted as an agent of the state supreme court and because there was a path of state court review available to the plaintiff, and the Fifth Circuit affirmed. In *Scott v. Flowers*, 910 F.2d 201 (5th Cir. 1990), the Fifth Circuit restated the *Thomas* test: "we must decide ... whether the Commission's reprimand ... was a judicial act, whether the Commission is the agent of the state courts, and finally, whether [the federal plaintiff] intentionally refrained from seeking state court review of the Commission's decision." *Id.* at 206.

■ Here, the Committee's actions were of a judicial nature.[4] As was established in *Feldman*, a proceeding is judicial when it " 'investigate[s], declare[s] and enforce[s] liabilities as they stand on present or past facts and under laws supposed already to exist.' " *Feldman*, 460 U.S. at 477 (quoting *Prentis v. Atlantic Coast Line*, 211 U.S. 210, 226, 29 S.Ct. 67, 53 L.Ed. 150 (1908)). The Committee investigated the complaint against Allstate, declared the pamphlet distribution to be in violation of the definition of the practice of law, as formulated and applied by the Supreme Court of Appeals, and began enforcement proceedings by seeking Allstate's agreement to act in accordance therewith.

Second, the Committee is an agent of the state court system. The State Bar was created by the Legislature to be an agent of the Supreme Court of Appeals, *West Virginia*

---

2004, 44 L.Ed.2d 572 (1975) ("The interest of the States in regulating lawyers is especially great since lawyers are essential to the primary governmental function of administering justice, and have historically been 'officers of the courts.' "). Third, state courts are competent to hear federal constitutional claims. *See District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 483 n. 16, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983); *Middlesex County Ethics Comm.*, 457 U.S. at 431; *Guess v. Board of Medical Examiners*, 967 F.2d 998, 1003 (4th Cir.1992). Finally, the Court notes the possible Eleventh Amendment arguments in favor of dismissal.

4. The Fourth Circuit's opinion in *Guess v. Board of Medical Examiners*, 967 F.2d 998 (4th Cir. 1992), is not to the contrary. In that case, the Fourth Circuit distinguished the case before it from ones in which a plaintiff did not have an opportunity to litigate constitutional claims in state court. *Id.* at 1004. The Court notes that in the instant case, Allstate in fact raised constitutional claims in the proceeding before the Committee. "Allstate always asserted that the First Amendment sheltered its speech, *e.g.*, 'First Amendment Problems Raised By Censoring Allstate's "Do I Need A Lawyer" Pamphlet,' Tab G, Record of Proceedings, Vol. II, the defendants' original Opinion 'contained no analysis of any constitutional issues.' " Pl.'s Mem. in Supp. Mot. to Dismiss at 3. Moreover, a review of the proceedings reveals that constitutional issues were raised several times throughout the proceedings. *See, e.g.*, Ex. 3, 4, 12, 14(G); Record of Proceedings on Unlawful Practice Committee against Allstate Insurance Company.

*Code* § 51–1–4a(b). The Supreme Court has stated, "[T]he West Virginia State Bar is an agency of the Supreme Court of Appeals, and not an independent agency." *Daily Gazette v. Committee on Legal Ethics,* 174 W.Va. 359, 363, 326 S.E.2d 705, 707 (1984). The State Bar's bylaws are subject to the approval of the Supreme Court of Appeals, which has "exercised [its] inherent power to supplement rules and procedures," *Committee on Legal Ethics v. Douglas,* 179 W.Va. 490, 499, 370 S.E.2d 325, 334 (1988). In declaring Allstate's pamphlet distribution to be the unauthorized practice of law, Defendants were "exercising authority on behalf of the supreme court pursuant to that court's rules, standards, and procedures." *Thomas,* 748 F.2d at 281. Although the State Bar's officers and governors are not appointed by the Supreme Court, as was true in *Thomas,* all other factors demonstrate the State Bar to be a direct agent of the Supreme Court. Accordingly, the Court finds the State Bar, and the Committee therein, are agents of the Supreme Court of Appeals.

Third, Allstate bypassed state court review provided for by the Supreme Court of Appeals. Allstate argues the path of relief, that of seeking a writ of prohibition, is insufficient compared to the path provided to Defendants under the State Bar's bylaws. The Court acknowledges that the path of review differs markedly from the path available in *Thomas.* It is inappropriate, however, for this Court to weigh the relative merits of each path of review; it is sufficient that Allstate has channels available to it in state court.[5] Thus, Allstate has bypassed available channels of review in the state court system. In light of the foregoing analysis and given the "controlling values [of] federal-state comity considerations and the 'strength of the state interest in regulating the state bar,'" *id.,* dismissal in favor of the state court system is appropriate.

### III. CONCLUSION

The Court **GRANTS** Defendants' motion to dismiss; **DENIES** as moot Defendants' motion to certify; and **ORDERS** this case **DISMISSED** without prejudice and stricken from the docket.

---

5. In fact, Allstate argues it has another path of review—that of filing the instant complaint in state court under equity jurisdiction. Pl.'s Mem. in Supp. Mot. to Dismiss at 12–13.