# UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

IMAD KHALIL DAJANI,
           *Plaintiff-Appellant,*

v.

GOVERNOR AND GENERAL
ASSEMBLY OF THE STATE OF
MARYLAND; MAYOR AND CITY
COUNCIL OF BALTIMORE,
           *Defendants-Appellees.*

No. 01-1179

Appeal from the United States District Court
for the District of Maryland, at Baltimore.
Catherine C. Blake, District Judge.
(CA-00-713-CCB)

Submitted: June 29, 2001

Decided: August 2, 2001

Before WILKINS and MICHAEL, Circuit Judges, and
HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

## COUNSEL

Imad K. Dajani, Baltimore, Maryland, for Appellant. J. Joseph Curran, Jr., Attorney General, Andrew H. Baida, Solicitor General, Baltimore, Maryland; Thurman W. Zollicoffer, Jr., City Solicitor, William R. Phelan, Principal Counsel, Robert D. Anbinder, Assistant Solicitor, Baltimore, Maryland, for Appellees.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

## OPINION

PER CURIAM:

Imad K. Dajani appeals the district court's order dismissing his 42 U.S.C.A. § 1983 (West Supp. 2000) action against the Governor and General Assembly of Maryland and the Mayor and City Council of Baltimore, Maryland. Dajani challenged the constitutionality of Maryland Code Ann., Transp. § 21-202.1 (1999), which allows for cameras to be used at intersections to photograph drivers who run red lights. Dajani received a citation and was assessed a fine after his car was photographed running a red light in Baltimore, Maryland. Dajani challenged his citation in the District Court for Baltimore City, Maryland, arguing § 21.202.1 was unconstitutional. Dajani did not prevail, paid the fine, and did not appeal this decision in Maryland courts. Instead, Dajani brought a 42 U.S.C.A. § 1983 (West Supp. 2000) action in federal court. Dajani argued the traffic code was unconstitutional under the Sixth Amendment's Confrontation Clause and the Fourteenth Amendment's Due Process Clause. The Appellees moved to dismiss Dajani's action. The district court held that the *Rooker-Feldman** doctrine precludes Dajani's action and dismissed the case. We affirm.

We review the district court's legal conclusions de novo. *United States v. McManus*, 23 F.3d 878, 882 (4th Cir. 1994); *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1983). Applying the de novo standard, we review Dajani's claim viewing the facts and inferences in the light most favorable to Dajani. *Revene v. Charles County Comm'rs.*, 882 F.2d 870, 872 (4th Cir. 1989).

Dajani raised his constitutional challenges to the Maryland traffic code in Maryland state court. A litigant cannot make a constitutional

---

*Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983).

challenge in state court and make the same constitutional challenge in federal court. *Guess v. Board of Medical Examiners*, 967 F.2d 998, 1003 (4th Cir. 1992). Additionally, the federal courts lack jurisdiction over Dajani's constitutional challenges to the Maryland code because Dajani is necessarily asking the district court to conclude the Maryland court wrongly decided the issues before it, which the district court does not have jurisdiction to do. *Allstate Ins. Co. v. West Va. State Bar*, 233 F.3d 813, 816 (4th Cir. 2000).

Accordingly, we affirm. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not significantly aid the decisional process.

*AFFIRMED*