**Tammy ADKINS, et al., Plaintiffs,**

v.

**Donald RUMSFELD, Secretary of Defense, Defendant.**

**No. 1:04CV494JCC.**

United States District Court, E.D. Virginia, Alexandria Division.

Oct. 12, 2004.

Jonathan Lawrence Katz, Marks & Katz, L.L.C., Silver Spring, MD, for Plaintiffs.

Dennis Carl Barghaan, Jr., United States Attorney's Office, Alexandria, VA, for Defendant.

## MEMORANDUM OPINION

CACHERIS, District Judge.

The issue before the Court is whether portions of the Uniformed Services Former Spouses' Protection Act, 10 U.S.C. § 1408, are unconstitutional. Defendants have filed a motion to dismiss. For the reasons set forth below, the Court finds that Plaintiffs are barred from bringing this suit for lack of subject matter jurisdiction and standing, and alternatively, res judicata. Accordingly, the Court will grant Defendant's motion to dismiss.

### I.  Background

Plaintiffs are 58 divorced individuals and ULSG, LLC, ("ULSG"), a non-profit company. The 58 Plaintiffs are retired veterans of the armed forces who are drawing, or are eligible to draw, retirement pay, and active duty service members who will be eligible to receive retirement pay when they retire. All 58 Plaintiffs are divorced and their divorce decrees or related property settlements include provisions that grant their former spouses a portion of their retirement pay.

Plaintiffs brought this action against Donald Rumsfeld in his official capacity as Secretary of Defense, seeking, *inter alia,* a declaratory judgment that portions of the Uniformed Services Former Spouses' Protection Act, ("the Act" or "the USFSPA"), 10 U.S.C. § 1408 are unconstitutional. The Act allows state courts with proper jurisdiction to treat military retirement pay as marital property to be divided upon the divorce of members of the military and their former spouses. *See* 10 U.S.C. § 1408(c)(1).[1]

The Complaint was filed on April 30, 2004. The Plaintiffs seek a declaratory judgment that: (1) the Act denies veterans substantive due process by applying retroactively to service members who entered the military before the Act was passed; (2) the Act denies the Plaintiffs procedural due process; (3) portions of the Act are unconstitutional because they allow non-uniform application by state courts, or declaratory relief as to the proper, uniform construction of the Act to be applied by state courts; and, (4) the Act denies the Plaintiffs equal protection.

The Government has filed a motion to dismiss for lack of subject matter jurisdiction and for failure to state a claim upon which relief can be granted. Fed.R.Civ.P. 12(b)(1), 12(b)(6).

### II.  Standard of Review

Pursuant to Rule 12(b)(1), a claim may be dismissed for lack of subject matter jurisdiction. Fed.R.Civ.P. 12(b)(1). Where subject matter jurisdiction is challenged, the factual allegations are assumed true. *See Virginia v. United States,* 926 F.Supp. 537, 540 (E.D.Va.1995). If, however, "the motion challenges the actual existence of the Court's subject matter jurisdiction, ... the Court may 'look beyond the jurisdictional allegations of the

---

1. The Uniformed Services Former Spouses' Protection Act provides in pertinent part: "[A] court may treat disposable retired pay payable to a member for pay periods beginning after June 25, 1981, either as property solely of the member or as property of the member and his spouse in accordance with the law of the jurisdiction of such court." 10 U.S.C. § 1408(c)(1).

complaint and view whatever evidence has been submitted on the issue to determine whether in fact subject matter jurisdiction exists.'" *Id.* (citing *Capitol Leasing Co. v. F.D.I.C.*, 999 F.2d 188, 191 (7th Cir.1993); *Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir.1982); *Ocean Breeze Festival Park, Inc. v. Reich*, 853 F.Supp. 906, 911 (E.D.Va.1994)). The burden of proving subject matter jurisdiction is on the plaintiff. *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 56 S.Ct. 780, 80 L.Ed. 1135 (1936).

A Rule 12(b)(6) motion to dismiss tests the legal sufficiency of the complaint, *see Randall v. United States*, 30 F.3d 518, 522 (4th Cir.1994), and should be denied unless "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *De Sole v. United States*, 947 F.2d 1169, 1177 (4th Cir.1991) (citations omitted); *see also Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957).

In passing on a motion to dismiss, "the material allegations of the complaint are taken as admitted." *Jenkins v. McKeithen*, 395 U.S. 411, 421, 89 S.Ct. 1843, 23 L.Ed.2d 404 (1969) (citations omitted). Moreover, "the complaint is to be liberally construed in favor of plaintiff." *Id.* In addition, a motion to dismiss must be assessed in light of Rule 8's liberal pleading standards, which require only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R.Civ.P. 8.

## III. Analysis

The threshold issues are (1) whether this Court has subject matter jurisdiction over the case; and (2) whether the Plaintiffs have standing to bring these constitutional challenges. Because the Court does not have subject matter jurisdiction and the Plaintiffs lack standing, and alternatively, the 58 Plaintiffs' claims are barred by res judicata, the Court does not address whether the Complaint has stated a claim upon which relief can be granted.

The Government alleges that this Court lacks subject matter jurisdiction over the claims asserted by the 58 individual Plaintiffs pursuant to the *Rooker–Feldman* doctrine.[2] The Plaintiffs argue that: (1) the *Rooker–Feldman* doctrine does not apply because the constitutional claims are not "inextricably intertwined" with the state claims; and (2) the *Rooker–Feldman* doctrine does not apply because the constitutional claims fall within the "general attack" exception. The Government also alleges that the Plaintiff organization lacks standing.

## A. The 58 Plaintiffs' Claims

### 1. The Rooker–Feldman doctrine

■■ Under the *Rooker–Feldman* doctrine, lower federal courts generally do not have jurisdiction to review state-court decisions; rather, jurisdiction to review such decisions lies exclusively with superior state courts and, ultimately, the United States Supreme Court. *Plyler v. Moore*, 129 F.3d 728, 731–32 (4th Cir.1997), *cert. denied* 524 U.S. 945, 118 S.Ct. 2359, 141 L.Ed.2d 727 (1998) (citations omitted). The *Rooker–Feldman* doctrine bars consideration not only of issues actually presented to and decided by a state court, but also of constitutional claims that are "inextricably intertwined with" questions ruled upon by a state court, as when success on the federal claim depends upon a determination "that the state court wrongly decided the issues before it." *Id.* (citations omitted).

---

**2.** *See District of Columbia Ct.App. v. Feldman,* 460 U.S. 462, 482–86, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983); *Rooker v. Fidelity Trust Co.,* 263 U.S. 413, 415–16, 44 S.Ct. 149, 68 L.Ed. 362 (1923).

■■ Constitutional claims are "inextricably intertwined" when in order to grant the relief sought, the federal court must determine that the state court judgment was erroneously entered or must take action that would render the judgment ineffectual. *Shooting Point, L.L.C. v. Cumming,* 368 F.3d 379, 383–84 (4th Cir.2004) (citations omitted). Essentially, a party losing in state court cannot then seek what in substance would be appellate review of the state judgment in a United States district court based on the losing party's claim that the state judgment itself violates the loser's federal rights. *Id.* (citations omitted).

■ The *Rooker–Feldman* doctrine also bars issues that could have been raised in the state court proceeding. *Barefoot v. City of Wilmington,* 306 F.3d 113, 120 (4th Cir.2002)(citing *District of Columbia Court of Appeals v. Feldman,* 460 U.S. 462, 482 n. 16, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983); *Allstate Insurance Co. v. W. Va. State Bar,* 233 F.3d 813, 819 (4th Cir. 2000)("The *Rooker–Feldman* doctrine may not be circumvented through artful pleading"); *Guess v. Bd. of Med. Exam'rs of State of N.C.,* 967 F.2d 998, 1003 (4th Cir.1992)).

■ The Plaintiffs rely on *Wood v. Orange Co.,* 715 F.2d 1543 (11th Cir.1983), to support the proposition that they could not have brought the federal claims before the state court. (*See* Pl.'s Opp'n Mot. to Dismiss at 4–5). Plaintiffs allege that

> the procedural aspects of [the Act] could not have been litigated in a state divorce court proceeding, because the service member would not have even been aware until after the court's judgment that [the Act] procedures would apply to him or her; a service member would not necessarily be able to predict whether the court would decide to divide his military retired pay as opposed to compen-

sating the former spouse through the division of other property.

*Id.* at 4.

However, *Wood* is distinguishable from the instant case. In *Wood,* the Plaintiffs did not learn of the state judgment against them until after the time for filing an appeal had elapsed. *Wood,* 715 F.2d at 1548. Accordingly, they lacked a reasonable opportunity to appeal the judgment and raise their constitutional claims in state court. *Id.* However, unlike the plaintiffs in *Wood,* a plaintiff "who was aware of the proceedings against her, who participated in those proceedings, and who had an opportunity to present her constitutional claims in those proceedings" did have a reasonable opportunity to raise her federal claims in state court. *Leaf v. Sup. Ct. of State of Wis.,* 979 F.2d 589, 599 (7th Cir. 1992) (distinguishing *Wood* and holding that the district court properly dismissed plaintiff's cause of action for lack of subject matter jurisdiction).

In the instant case, the 58 Plaintiffs were assumably aware of and participated in their divorce proceedings. Unlike the plaintiffs in *Wood,* they learned of the state court judgments adverse to them when the judgments were entered and well within the time to file an appeal. Accordingly, they had a reasonable opportunity to raise their federal claims in state court.

Courts have denied subject matter jurisdiction based on the *Rooker–Feldman* doctrine in actions to enjoin, to set aside and void, or to declare unlawful a state judgment. *See* Charles A. Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice and Procedure: Jurisdiction 2d § 4469.1 (citing *Powell v. Powell,* 80 F.3d 464 (11th Cir.1996)).

In *Powell,* the Eleventh Circuit dismissed the suit for lack of subject matter jurisdiction based on the *Rooker–Feldman* doctrine. In that case, the plaintiff filed

suit in federal district court seeking to enjoin the Secretary of the Navy from enforcing a state court judgment that awarded part of the plaintiff's military retirement benefits to his wife pursuant to the USFSPA. The plaintiff claimed that the Act was unconstitutional as applied to him. The plaintiff never raised in state trial court any issue about the Act being unconstitutional, nor did he seek review of the trial court's judgment before the state appellate courts.

The Eleventh Circuit ruled that the plaintiff's federal claim was "inextricably intertwined" with the issue of whether the state court could award his wife part of his retirement pay. If the federal district court were to rule in his favor, the holding would "effectively nullify" the state court's judgment. "The result would be that the state court's judgment, insofar as it pertains to money to be received by [his wife], would be collaterally reviewed and reversed in federal court, which is precisely what the *Rooker–Feldman* doctrine exists to prevent." *Id.* at 476, 103 S.Ct. 1303.

At oral argument, Plaintiffs explained that their suit seeks prospective declaratory judgments that portions of the Act are unconstitutional. Despite those representations at oral argument, the Complaint indicates that Plaintiffs are seeking other relief. Their procedural due process and equal protection claims seek relief claiming that the Act denies Plaintiffs of their due process and equal protection rights. (*See* Compl. ¶¶ 16, 23–25). Their prayer for relief demands, *inter alia,* "[p]rohibiting federal and state officials and courts from enforcing provisions of the Act that are determined to be unconstitutional; and [g]ranting the Plaintiffs such other and further relief as the Court deems just and equitable." (*See id.* at ¶¶ 25–26). To the extent that they seek to enjoin enforcement of, or to otherwise nullify their divorce decrees, the Court grants the Government's motion to dismiss for lack of subject matter jurisdiction.

### 2. "General Attack" exception to Rooker–Feldman doctrine

Plaintiffs also argue that they are challenging the constitutionality of the Act, not as applied to them, but in general, which falls under an exception to the *Rooker–Feldman* doctrine. However, the Fourth Circuit has explained that

> [a]lthough *Feldman* permits a general constitutional challenge to a statute [in federal district court], it clearly does not permit the same constitutional challenge to be made in the state court and again in the federal court.... Justice Brennan, in footnote 16 of *Feldman,* made clear that even if a claim is not presented to a state court, ... a plaintiff is not entitled to bring that claim in federal court if the claim was one that should have been brought in the state court.

*Guess,* 967 F.2d at 1003.

Plaintiffs acknowledge that "[t]he exception will apply so long as the relief sought in federal court is not directed towards undoing the prior state judgment." *Kenmen Eng'g v. City of Union,* 314 F.3d 468, 476 (10th Cir.2002). This narrow exception has been carved out for general attacks, such as when a plaintiff seeks a declaratory judgment, effective prospectively, that the statute enforced by the state court is unconstitutional. *See Ritter v. Ross,* 992 F.2d 750, 755 (7th Cir.1993). However, even where the plaintiff purports to bring a "general" challenge, if the only redress he seeks is an "undoing" of the prior state-court judgment, the plaintiff is actually bringing a "particularized challenge to an adjudication against him in state court" which is clearly barred under *Rooker–Feldman. Kenmen,* 314 F.3d at 476.

If a plaintiff alleges a general attack, he must still establish that he has proper standing to make the general attack. *Grendell v. Ohio Sup. Ct.*, 252 F.3d 828, 837 (6th Cir.2001)(citing *Landers Seed Co., Inc. v. Champaign Nat'l Bank*, 15 F.3d 729, 732 (7th Cir.1994); *Facio v. Jones*, 929 F.2d 541, 544–45 (10th Cir.1991)(holding that a plaintiff did not have standing to seek declaratory relief, since under the *Rooker–Feldman* doctrine he was "[u]nable to attack the final [state court] default judgment rendered against him," and he could not show "that he will again be subject to the [state court] default provisions" which would give rise to an actual controversy)); *accord Guess*, 967 F.2d at 1005.

If the 58 Plaintiffs have indeed meet the general attack exception to the *Rooker–Feldman* doctrine by seeking only prospective declaratory judgments, their claims must still be dismissed because they lack standing. In order to have standing, a plaintiff must show "injury in fact," causation, and redressability. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992). "Injury in fact" is an invasion of a legally protected interest which is (a) concrete and particularized, and (b) "actual or imminent, not 'conjectural' or 'hypothetical,' " *Id.*

First, it is not clear that the 58 Plaintiffs have made a general attack. Count II of the Complaint alleges that the Act's "deficiencies constitute a deprivation of *plaintiff's property* without due process of law." (Compl.¶ 16)(emphasis added). Count IV alleges that "the Act constitutes a denial of *plaintiffs' entitlement* to equal protection of the laws" (*Id.* ¶¶ 23–25)(emphasis added). To the extent that the 58 Plaintiffs seek a judgment that the Act is constitutional as applied to them, the Court will grant the Government's motion to dismiss.

Second, if they have alleged a general attack, they still have not shown that they have standing to bring this attack. As in *Facio*, the 58 Plaintiffs have not shown that they will again be subject to the state court's application of the Act since their divorce decrees have already been entered. Thus, even if the Plaintiffs have managed to allege a general attack on the Act, their suits must be dismissed for lack of standing.

Finally, even if the Plaintiffs have alleged a general attack and they have standing, their claims would be barred by res judicata. The Fourth Circuit has clarified that

> the *Feldman* decision does not preclude the application of *res judicata* to general challenges. The Court in *Feldman*, specifically declined to consider the effect of *res judicata* on *Feldman's* general challenge... The Court not only expressly left the door open for such a decision, it directly stated that "by failing to raise his claims in state court, a plaintiff may forfeit his right to obtain review of the state court decision in *any* federal court."

*Guess*, 967 F.2d at 1004 (quoting *Feldman*, 460 U.S. at 482 n. 16, 103 S.Ct. 1303); *accord Centifanti v. Nix*, 865 F.2d 1422, 1432 (3d Cir.1989) (plaintiff who lacked "a realistic opportunity to fully and fairly litigate" his constitutional claims is not barred by res judicata from bringing those claims in the district court). In *Guess*, there was no reason the *Guess* plaintiff could not have raised his remaining constitutional claims before the state court, so res judicata precluded reassertion of plaintiff's claims.

As Wright, Miller, & Cooper explain:
> [t]he "Rooker–Feldman" doctrine, named after the two decisions described below, establishes a nearly redundant limit on federal subject-matter jurisdiction. The basic theory is that only the United States Supreme Court has been

given jurisdiction to review a state-court decision. The general statutes that establish original federal subject-matter jurisdiction in the district courts do not extend to an "appeal" from a state-court judgment. This doctrine is nearly redundant because most of the actions dismissed for want of jurisdiction also could be resolved by invoking the claim- or issue-preclusion consequences of the state judgments.

Wright, Miller & Cooper, Federal Practice and Procedure: Jurisdiction 2d § 4469.1.

In the instant case, the 58 Plaintiffs could have raised their constitutional attacks in state court. Accordingly, their claims are barred by res judicata.

Even if the 58 Plaintiffs have alleged a general attack on the Act, their claim is barred both because they lack standing, and by res judicata. Accordingly, the Court will grant the Government's motion to dismiss with respect to the claims of the 58 Plaintiffs.

## B. The Plaintiff Organization's Claim

█ The Government also seeks dismissal of the Plaintiff ULSG's claim, alleging that the organization lacks organizational standing to assert the claim. An association has standing to sue on behalf of its members when "(a) its members would otherwise have standing to sue in their own right; (b) the interests it seeks to protect are germane to the organization's purpose; and (c) neither the claim asserted nor the relief requested requires the participation of individual members in the lawsuit." *American Canoe Ass'n v. Murphy Farms, Inc.*, 326 F.3d 505, 517 (4th Cir.2003)(citing *Hunt v. Washington State Apple Adver. Comm'n*, 432 U.S. 333, 343, 97 S.Ct. 2434, 53 L.Ed.2d 383 (1977)). As explained above, an individual has standing to sue in his own right if he shows "injury in fact," causation, and redressability. *Lujan*, 504 U.S. at 560, 112 S.Ct. 2130. "In-

jury in fact" is an invasion of a legally protected interest which is (a) concrete and particularized, and (b) "actual or imminent, not 'conjectural' or 'hypothetical,' " *Id.*

█ ULSG has failed to show that it has standing. According to the Plaintiffs, ULSG "was founded and exists for the purposes of overturning the Act." (Compl.¶ 6). The ULSG is the USFSPA Litigation Support Group. (*See* Pl.'s Opp'n Mot. to Dismiss at 7). ULSG's principals include four named individuals, one of which is a named Plaintiff in this case. (*Id.*) ULSG is "essentially a membership organization in which individual veterans subscribe by making financial and in-kind contributions to the organization." (*Id.*)

ULSG has failed to show that its members would otherwise have standing to sue in their own right. The only member it identifies is a named Plaintiff in this case. As explained above, the suits brought by the named Plaintiffs are barred for lack subject matter jurisdiction and standing, and by res judicata. The Complaint does not demonstrate who ULSG's other members are, nor whether they would have individual standing to assert the constitutional challenges alleged in the Complaint. ULSG has not alleged that its members are members of the armed forces or that they face any "injury in fact" that is both concrete and particularized, and actual or imminent.

ULSG has not demonstrated that it has standing to bring the constitutional challenges alleged in the Complaint. Accordingly, the Court will grant the Government's motion to dismiss with respect to the claims brought by ULSG.

## IV. Conclusion

For the reasons stated above, the Court will (1) grant the Government's motion to dismiss the 58 Plaintiffs' claims; and (2)

grant the Government's motion to dismiss Plaintiff ULSG's claims. An appropriate Order will issue.

### ORDER

For the reasons stated in the accompanying Memorandum Opinion, it is hereby ORDERED that:

(1) Defendant's motion to dismiss the 58 Plaintiffs' claims is GRANTED;

(2) Defendant's motion to dismiss Plaintiff ULSG's claim is GRANTED; and

(3) the Clerk of the Court shall forward copies of this Order to all counsel of record.

This Order is Final.